**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

|  |  |  |
|---|---|---|
| | § | **Chapter 11** |
| **In re:** | § | |
| | § | **Case No. 20-43597-399** |
| **BRIGGS & STRATTON** | § | |
| **CORPORATION,** *et al.,* | § | **(Jointly Administered)** |
| | § | |
| **Debtors.** | § | Related Docket No. 283 |

**ORDER (I) ESTABLISHING DEADLINES**
**FOR FILING PROOFS OF CLAIM AND PROCEDURES RELATING**
**THERETO AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "**Motion**")[1] of Briggs & Stratton Corporation and its

affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 502(b)(9) of the Bankruptcy Code,

Bankruptcy Rules 2002 and 3003(c)(3), and Rules 3001 and 3003 of the Local Rules, for entry of

an order (i) establishing deadlines for filing proofs of claim and procedures relating thereto and

(ii) approving the form and manner of notice thereof, all as more fully described in the Motion;

and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a

core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having represented that adequate

and proper notice of the Motion has been given and that no other or further notice need be given;

and this Court having reviewed the Motion; and this Court having held a hearing to consider the

relief requested in the Motion; and this Court having determined that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and it appearing that the

---

[1]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such
      terms in the Motion.

relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, **it is hereby ORDERED that the Motion is GRANTED in that**:

1.    Except as otherwise provided herein, pursuant to section 502(b)(9) of the Bankruptcy Code, Rules 2002 and 3003(c)(3) of the Bankruptcy Rules, and Rules 3001 and 3003 of the Local Rules, **<u>October 7, 2020 at 11:59 p.m., prevailing Central Time</u>** is established as the deadline for each person (as defined in section 101(41) of the Bankruptcy Code), excluding governmental units (as defined in section 101(27) of the Bankruptcy Code, the "**Governmental Units**"), to file a proof of claim (each, a "**Proof of Claim**") in respect of a claim (as defined in section 101(5) of the Bankruptcy Code) against any Debtor which arose on or prior to the Petition Date, including, for the avoidance of doubt, secured claims, priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code (such deadline, the "**General Bar Date**").

2.    Notwithstanding any other provision hereof, **<u>January 19, 2021 at 11:59 p.m., prevailing Central Time</u>** is established as the deadline for each Governmental Unit to file a Proof of Claim in respect of a prepetition claim against any Debtor (such deadline, the "**Governmental Bar Date**").

3.    Notwithstanding any other provision hereof, in the event the Debtors file a notice of previously unfiled Schedules (as defined herein) or notice of an amendment or supplement to the Schedules, such notice shall clearly indicate the deadline by which each claimant holding a claim affected by such filing, amendment or supplement must file a Proof of Claim with respect to such claim (the "**Amended Schedules Bar Date**").

4.      Notwithstanding any other provision hereof, in the event the Debtors file a motion requesting authority to approve rejection of any executory contract or unexpired lease of the Debtors and the Court enters an order granting such motion, the Debtors shall provide notice of the order granting rejection to all claimants affected by such rejection and such notice shall clearly indicate the deadline by which a claimant asserting a claim resulting from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim for damages arising from such rejection (the "**Rejection Damages Bar Date**" and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

5.      The filing of a proof of claim form is deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code, so long as such 503(b)(9) claim (and any amendments thereto) is asserted using the Claim Form (as defined below); provided, however, that 503(b)(9) claims may be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.

6.      The (i) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Exhibit 1** (the "**Bar Date Notice**") and (ii) proposed proof of claim form (the "**Claim Form**"), substantially in the form annexed hereto as **Exhibit 2**, are approved.

7.      The following procedures for the filing of proofs of claim (the "**Procedures**") shall apply:

a)      Proofs of Claim must conform substantially to the Claim Form or Official Bankruptcy Form No. 410 (the "**Official Form**");[2]

b)      Proofs of Claim must be filed (i)  through the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/login.pl (ii) filed electronically using the Electronic Proof of Claim (ePOC) Program on the

---

[2]      The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.  The Claim Form can be found at http://www.kccllc.net/Briggs, the website established by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC ("**KCC**"), for the Debtors' chapter 11 cases.

Court's website at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing; (iii) sent by first-class mail or overnight courier to the Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (iv) sent by first-class mail, overnight courier, or hand-delivery to Briggs Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.  Proofs of claim may NOT be delivered by facsimile or electronic mail transmission;

c)   Proofs of Claim will be deemed filed only if actually received by the Clerk of the Court or KCC on or before the applicable Bar Date by one of the approved methods of filing provided herein;

d)   Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

e)   If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor except as specifically provided herein.  If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Briggs & Stratton Corporation;

f)   Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will not be accepted; and

g)   The following persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

    i)    any person or entity that has already properly filed a Proof of Claim against the Debtors in the above-captioned cases in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Procedures;

    ii)   any person or entity whose claim is listed in the schedules of assets and liabilities (the "**Schedules**") filed by the Debtors, provided that (x) the claim is not scheduled as "disputed", "contingent" or "unliquidated"; and (y) the claimant does not disagree with the

4

amount, nature, and priority of the claim as set forth in the Schedules; and (z) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

iii)    any person or entity whose claim has been allowed by an order of the Bankruptcy Court entered on or before the applicable Bar Date;

iv)    any person or entity whose claim has been paid in full by any of the Debtors in accordance with an order of the Bankruptcy Court entered on or before the applicable Bar Date;

v)    any person or entity that holds a claim for which specific deadlines other than the Bar Dates have been fixed by an order of the Court entered on or prior to the applicable Bar Date;

vi)    any Debtor having a claim against another Debtor;

vii)    any person or entity that holds a claim that is allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

viii)    any current officer, director, and employee of the Debtors or any of their subsidiaries who may hold a contingent and unliquidated claim against the Debtors for indemnification, contribution, or reimbursement arising as a result of such officer's, director's, or employee's prepetition or postpetition services to the Debtors or their subsidiaries; provided that any officer, director or employee covered by this provision who wishes to assert a claim against the Debtors, other than a contingent and unliquidated claim against the Debtors for indemnification, contribution or reimbursement arising as a result of such officer's, director's, or employee's prepetition or postpetition services to the Debtors or their subsidiaries, must file a Proof of Claim on account of such claim on or before the General Bar Date unless another exception in this paragraph applies;

ix)    any professional retained in these chapter 11 cases holding an administrative expense claim for postpetition fees and expenses allowable under section 330, 331, and 503(b) of the Bankruptcy Code;

x)    any person or entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided that any holder of an equity interest in the Debtors who wishes to assert a claim (as opposed to an

ownership interest) against the Debtors (including a claim relating to such equity interest or the purchase or sale of such equity interest), must file a proof of claim on or before the applicable Bar Date;

xi)  any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") issued by any of the Debtors (a "**Debt Claim**"), pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single Proof of Claim in the Debtors' lead chapter 11 case *In re Briggs & Stratton Corporation, Inc.* (Case No. 20-43597), on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims; <u>provided</u> that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; <u>provided</u>, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims; or

xii)  any person or entity that is not required to file a Proof of Claim pursuant to the final order approving the *Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Claims, (IV) Granting Adequate Protection to Prepetition Secured Parties, (V) Modifying Automatic Stay, (VI) Scheduling Final Hearing and (VII) Granting Related Relief* (ECF No. 35) (the "**Final DIP Order**"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in the Final DIP Order.

8.  Pursuant to Bankruptcy Rule 3003(c)(2), any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to comply with this Order by timely filing a Proof of Claim in appropriate form, except as otherwise ordered by the Court, shall not be treated as a creditor with respect to any such claim for the purposes of voting

and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these chapter 11 cases.

9.  Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors shall provide notice of the Bar Dates in accordance with the following procedures:

a)  The Debtors shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice to the following parties, within five (5) business days of the later of (i) entry of the Bar Date Order, and (ii) the filing of the Schedules:

i)  the U.S. Trustee;

ii)  the Creditors' Committee;

iii)  all known creditors and other known holders of potential claims against any of the Debtors' estates;

iv)  all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

v)  all parties to pending litigation against the Debtors (as of the date of the entry of this Order);

vi)  all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of the entry of this Order);

vii)  all current and former employees of the Debtors (to the extent that contact information for formers employees is available in the Debtors' records of the past two (2) years);

viii)  all known non-Debtor equity and interest holders of the Debtors (as of the date of entry of this Order);

ix)  the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

x)  all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

xi)  all regulatory authorities that regulate the Debtors' business, including consumer protection, environmental, and permitting authorities;

xii)    such additional persons and entities as deemed appropriate by the Debtors; and

xiii)    all other entities listed on the Debtors' matrix of creditors.

b)    With regard to those holders of claims listed in the Schedules, the Debtors shall mail one or more Claim Forms (as appropriate), indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated, or disputed).

10.    Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notice, with such changes as may be appropriate for ease of publication, once in *The New York Times* (national edition) and once in *St. Louis Post Dispatch* at least twenty-eight (28) days prior to the General Bar Date.  Publication of the Bar Date Notice as described in this paragraph is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates and the Procedures for filing proofs of claim in these chapter 11 cases.

11.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

12.    Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtors' creditors of their rights and obligations in connection with any potential claims that they may have against the Debtors in these chapter 11 cases.

13.    Nothing in this Order shall prejudice the right of the Debtors to dispute, assert offsets or defenses thereto, or otherwise object to any claim listed in the Schedules on any grounds; provided that, if the Debtors dispute any claim listed in the Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

14.      Nothing in this Order shall prejudice the right of the Debtors with respect to any Proof of Claim, including, among other things, the right to dispute, assert offsets or defenses thereto, or otherwise object to any Proof of Claim on any grounds.

15.      Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim against the Debtors or be forever barred from doing so.

16.      Not later than two (2) business days after the date of this Order, the Debtors shall serve a copy of the Order and shall file a certificate of service no later than twenty-four (24) hours after service.

DATED:  August 24, 2020
St. Louis, Missouri
cke

Barry S. Schermer
United States Bankruptcy Judge

9

**Order Prepared By:**

Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
**CARMODY MACDONALD P.C.**
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:  (314) 854-8600
Facsimile: (314) 854-8660
Email: ree@carmodymacdonald.com
        cjl@carmodymacdonald.com
        thr@carmodymacdonald.com

*Proposed Local Counsel to the Debtors and*
*Debtors in Possession*


-and-

Ronit J. Berkovich (admitted *pro hac vice*)
Debora A. Hoehne (admitted *pro hac vice*)
Martha E. Martir (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Ronit.Berkovich@weil.com
        Debora.Hoehne@weil.com
        Martha.Martir@weil.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit 1

**Bar Date Notice**

| UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF MISSOURI | |
|---|---|
| **In re**<br><br>**Briggs & Stratton Corporation,** *et al.,*<br><br>Debtors. | **Chapter 11 Case Nos.:**<br>**20-10575, 20-43597 through 20-43600**<br>**(Jointly Administered)** |

| NOTICE OF DEADLINES TO FILE PROOFS OF CLAIM | | |
|---|---|---|

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Name of Debtor | Case Number | Tax Identification Number (Last Four Digits) |
|---|---|---|
| Briggs & Stratton Corporation | 20-43597 | 2330 |
| Allmand Bros., Inc. | 20-43598 | 4710 |
| Briggs & Stratton International, Inc. | 20-43599 | 9957 |
| Briggs & Stratton Tech, LLC | 20-43600 | 2102 |
| Billy Goat Industries, Inc. | 20-10575 | 4442 |

**OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS:**

Briggs & Stratton Power Products Group, LLC
Briggs & Stratton Power Products, LLC
Briggs & Stratton Power Products Group

| **Attorneys for Debtors**<br>Robert E. Eggmann<br>Christopher J. Lawhorn<br>Thomas H. Riske<br>CARMODY MACDONALD P.C.<br>120 S. Central Avenue, Suite 1800<br>St. Louis, Missouri 63105<br>Telephone:  (314) 854-8600<br>Facsimile: (314) 854-8660 | **Attorneys for Debtors**<br>Ronit J. Berkovich<br>Debora A. Hoehne<br>Martha E. Martir<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone:  (212) 310-8000<br>Facsimile:  (212) 310-8007 |
|---|---|

Address of the Clerk of the Bankruptcy Court
United States Bankruptcy Court
Eastern District of Missouri
111 South 10th Street, Fourth Floor
St. Louis, MO 63102
T: (314) 244-4500
Office Hours: 8:30 a.m.–4:30 p.m. Monday–Friday

**PLEASE TAKE NOTICE THAT:**

---

YOU ARE RECEIVING THIS NOTICE ("**NOTICE**") BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  HOWEVER, THE FACT THAT YOU ARE RECEIVING THIS NOTICE DOES NOT MEAN THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT YOU ACTUALLY HAVE A CLAIM AGAINST THE DEBTORS.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.

---

On July 20, 2020 (the "**Petition Date**"), Briggs & Stratton Corporation and certain of its affiliates (collectively, the "**Debtors**"), filed voluntary cases under chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Missouri (the "**Bankruptcy Court**").

On [__], 2020, the Bankruptcy Court, having jurisdiction over the chapter 11 cases of the Debtors, entered an order (the "**Bar Date Order**") establishing the following Bar Dates:

(i) **October 7, 2020 at 11:59 p.m. (prevailing Central Time)** as the deadline for each person (as defined in section 101(41) of the Bankruptcy Code), excluding governmental units (as defined in section 101(27) of the Bankruptcy Code, the "**Governmental Units**"), to file a proof of claim (each, a "**Proof of Claim**") in respect of a claim (as defined in section 101(5) of the Bankruptcy Code) against any Debtor which arose on or prior to the Petition Date, including, for the avoidance of doubt, secured claims, priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code (such deadline, the "**General Bar Date**");

(ii) **January 19, 2021 at 11:59 p.m. (prevailing Central Time)** as the deadline for each Governmental Unit to file a Proof of Claim in respect of a prepetition claim against any Debtor (such deadline, the "**Governmental Bar Date**");

(iii) Notwithstanding any other provision hereof, in the event the Debtors file a notice of previously unfiled Schedules (as defined herein) or notice of an amendment or supplement to the Schedules, such notice shall clearly indicate the deadline by which each claimant holding a claim affected by such filing, amendment or supplement must file a Proof of Claim with respect to such claim (the "**Amended Schedules Bar Date**").

(iv) Notwithstanding any other provision hereof, in the event the Debtors file a motion requesting authority to approve rejection of any executory contract or unexpired lease of the Debtors and the Court enters an order granting such motion, the Debtors shall provide notice of the order granting rejection to all claimants affected by such rejection and such notice shall clearly indicate the deadline by which a claimant asserting a claim resulting from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim for damages arising from such rejection (the "**Rejection Damages Bar Date**" and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

**You may be a creditor of one or more of the Debtors.  However, the fact that you have received this Notice does not mean that the Debtors believe that you have a claim against the Debtors or that that you actually have claim against the Debtors.  You should not file a Proof of Claim if you do not have a claim against a Debtor.  You should consult an attorney if you have any questions, including whether you should file a proof of claim.**

**If you have any questions relating to this Notice, you may contact the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC"), by telephone at (866) 544-7045 (U.S./Canada) or (781) 575-2084 (International) or by e-mail at http://www.kccllc.net/Briggs/inquiry.**

NOTE:  The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and KCC cannot give legal advice.

## INSTRUCTIONS:

**1.      WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 2 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.      WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

The following persons (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) are **<u>not</u>** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

> a.      any person or entity that has already properly filed a proof of claim against the Debtors in the above-captioned cases in a form substantially similar to the attached Proof of Claim form (the "**Claim Form**") or the Official Bankruptcy Form No. 410 (the "**Official Form**") [1];
>
> b.      any person or entity whose claim is listed on the Schedules filed by the Debtors, <u>provided</u> that (x) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (y) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; <u>and</u> (z) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;
>
> c.      any person or entity whose claim has been allowed by an order of the Court entered on or before the applicable Bar Date;
>
> d.      any person or entity whose claim has been paid in full by any of the Debtors in accordance with an order of the Bankruptcy Court entered on or before the applicable Bar Date;
>
> e.      any person or entity that holds a claim for which specific deadlines other than the Bar Dates have been fixed by an order of the Bankruptcy Court entered on or prior to the applicable Bar Date;
>
> f.      any Debtor having a claim against another Debtor;
>
> g.      any person or entity that holds a claim that is allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);
>
> h.      any current officer, director, and employee of the Debtors or any of their subsidiaries who may hold a contingent and unliquidated claim against the Debtors for indemnification, contribution, or

---

[1]     The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.  The Claim Form can be found at <u>http://www.kccllc.net/Briggs</u>, the website established by KCC for the Debtors' chapter 11 cases.

3

reimbursement arising as a result of such officer's, director's, or employee's prepetition or postpetition services to the Debtors or their subsidiaries, <u>provided</u> that any officer, director or employee covered by this provision who wishes to assert a claim against the Debtors, other than a contingent and unliquidated claim against the Debtors for indemnification, contribution or reimbursement arising as a result of such officer's, director's, or employee's prepetition or postpetition services to the Debtors or their subsidiaries, must file a Proof of Claim on account of such claim on or before the General Bar Date unless another exception in this paragraph applies;

i.    any professional retained in these chapter 11 cases holding an administrative expense claim for postpetition fees and expenses allowable under section 330, 331, and 503(b) of the Bankruptcy Code;

j.    any person or entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided* that any holder of an equity interest in the Debtors who wishes to assert a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to such equity interest or the purchase or sale of such equity interest), must file a proof of claim on or before the applicable Bar Date;

k.    any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") issued by any of the Debtors (a "**Debt Claim**"), pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single Proof of Claim in the Debtors' lead chapter 11 case *In re Briggs & Stratton Corporation, Inc.* (Case No. 20-43597), on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims; *provided* that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; provided, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims; or

l.    any person or entity that is not required to file a Proof of Claim pursuant to the final order approving the *Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Claims, (IV) Granting Adequate Protection to Prepetition Secured Parties, (V) Modifying Automatic Stay, (VI) Scheduling Final Hearing and (VII) Granting Related Relief* (ECF No. 35) (the "**Final DIP Order**"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in the Final DIP Order.

## 3.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

Except as otherwise set forth herein, each entity that asserts a claim against the Debtors that arose before the Petition Date **MUST** file a Proof of Claim.

**The following procedures with respect to preparing and filing of Proofs of Claim will apply:**

a.    Proofs of Claim must conform substantially to the attached Claim Form or Official Bankruptcy Form No. 410;

4

b.  Proofs of Claim must be filed (i) through the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/login.pl; (ii) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing; (iii) sent by first-class mail or overnight courier to the Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (iv) sent by first-class mail, overnight courier, or hand-delivery to  Briggs Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.  Proofs of claim may NOT be delivered by facsimile or electronic mail transmission;

c.  Proofs of Claim will be deemed filed only if actually received by the Clerk of the Court or KCC on or before the applicable Bar Date by one of the approved methods of filing provided herein;

d.  Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

e.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor except as specifically provided herein.  If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Briggs & Stratton Corporation; and

f.  Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will <u>not</u> be accepted.

**4.    CONSEQUENCES OF FAILURE TO TIMELY FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

> PURSUANT TO THE BAR DATE ORDER AND BANKRUPTCY RULE 3003(C)(2), ANY HOLDER OF A CLAIM WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE AS PROVIDED HEREIN, BUT FAILS TO DO SO, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**5.    THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities (the "**Schedules**").  If you agree with the nature, amount, and status of your claim as listed in the Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you do <u>not</u> need to file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted (i) on the website established by KCC for the Debtors' cases at http://www.kccllc.net/Briggs and (ii) on the Bankruptcy Court's website at https://www.moeb.uscourts.gov/.  (A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Schedules also may be obtained by written request to the Debtors' claims agent, KCC, by telephone at (866) 544-7045 (U.S./Canada) or (781) 575-2084 (International) or by e-mail at http://www.kccllc.net/Briggs/inquiry.

In the event that the Debtors amend or supplement their Schedules subsequent the entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement, and such holders must file a Proof of Claim by **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Central Time, on the date that is forty (40) days from the date on which the Debtors provide notice of a previously unfiled Schedule or an amendment or supplement to the Schedules**, or be forever barred from so doing, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

## 6.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

---

**If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent, Kurtzman Carson Consultants, LLC, by telephone at (866) 544-7045 (U.S./Canada) or (781) 575-2084 (International) or by e-mail at http://www.kccllc.net/Briggs/inquiry.**

---

THIS NOTICE MAY BE SENT TO MANY PERSONS THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT YOU ACTUALLY HAVE A CLAIM AGAINST THE DEBTORS.  YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.  YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.

## **Exhibit 2**

**Claim Form**

<table>
<tr><td colspan="2" align="center">United States Bankruptcy Court for the Eastern District of Missouri</td></tr>
</table>

| | |
|---|---|
| Indicate Debtor against which you assert a claim by checking the appropriate box below. **(Check only one Debtor per claim form.)** | |
| ☐ Briggs & Stratton Corporation (Case No. 20-43597) | ☐ Briggs & Stratton Tech, LLC (Case No. 20-43600) |
| ☐ Allmand Bros., Inc. (Case No. 20-43598) | ☐ Billy Goat Industries, Inc. (Case No. 20-10575) |
| ☐ Briggs & Stratton International, Inc. (Case No. 20-43599) | |

## Official Form 410
# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number      Street

City                    State            ZIP Code

Country

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name

Number      Street

City                    State            ZIP Code

Country

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

| 6. | **Do you have any number you use to identify the debtor?** | ☐ No |
| | | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ___ ___ ___ ___ |

| 7. | **How much is the claim?** | $ _____. **Does this amount include interest or other charges?** |
| | | ☐ No |
| | | ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |
| | | _____ |

| 9. | **Is all or part of the claim secured?** | ☐ No |
| | | ☐ Yes.  The claim is secured by a lien on property. |

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____
**Amount of the claim that is secured:**  $_____
**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

| 10. | **Is this claim based on a lease?** | ☐ No |
| | | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |

| 11. | **Is this claim subject to a right of setoff?** | ☐ No |
| | | ☐ Yes**.** Identify the property: _____ |

Official Form 410    **Proof of Claim**    page 2

| | | | Amount entitled to priority |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | | |
| | ☐ Yes**. Check all that apply:** | | |
| | ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ | Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ | Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | | |
| | ☐ | Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |
| | | $_____ | |

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
First name            Middle name            Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number          Street

_____
City                        State          ZIP Code          Country

Contact phone  _____          Email  _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                  04/19

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **Fill in the caption at the top of the form**

■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.**
Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Briggs Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/Briggs.

■ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/Briggs

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.