UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In The Matter Of: | ) | |
| | ) | |
| Briggs & Stratton Corporation | ) | Case Number: 20-43597-399 |
| | ) | |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |
| Troy Craig, Diana Craig, and Amy Craig | ) | Motion to Lift Stay filed by |
| | ) | Troy Craig, Diana Craig, and Amy Craig |
| Movant, | ) | |
| | ) | |
| vs. | ) | Millsap & Singer, LLC |
| | ) | 612 Spirit Drive |
| Briggs & Stratton Corporation | ) | St. Louis, MO 63005 |
| | ) | (636) 537-0110 |
| | ) | |
| Respondent | ) | |
| | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY,

COMES NOW, Troy Craig, Diana and Amy Craig ("Movants") and for its Motion for Relief from Automatic Stay, and respectfully states to the Court as follows:

1. On July 20, 2020, Debtor filed a Petition under Chapter 11 of the Bankruptcy Code. The Official Unsecured Creditors Committee is composed of: Andrew W. Carty, Alexander L Moen, James W. Stoll, and Gregory D Willard.

2. Movants have filed a product liability lawsuit ("Lawsuit") against a number of entities which includes the Debtor. The suit is filed in the state of Wisconsin, Milwaukee County, case number 2020CV003953. A copy of the complaint is attached as Exhibit A. Wisconsin Statute 893.54 provides that an action such as the one pleaded in Movants' Lawsuit must be brought within three years. The incident subject to the Lawsuit occurred on July 21, 2018.

MS 203896.411835

3. Debtor Briggs & Stratton Corporation designs, manufactures, and markets a small engine that was sold and delivered to another Defendant, Wood Industries, in Mississippi. The engine was used to manufacture a compressor. Another Defendant in the Lawsuit, Spray Foam Solutions, sold the product to Movant and provided training to Movant.

4. Movant Troy Craig was injured while using the subject compressor assembly when gasoline sprayed over him and then subsequently ignited. Movants Diana and Amy Craig suffered severe emotional distress from witnessing their husband/father being lit on fire.

5. Defendant ABC Insurance Company provides liability insurance to the Debtors. For purposes of transparency, this is a fictitious name as the Movants have not yet uncovered the true name of the insurance company and Wisconsin statute § 807.12 allows an amendment, upon order, to insert a real name at a later date.

6. Defendant DEF Insurance Company provides liability insurance to the Defendants of the suit. For purposes of transparency, this is a fictitious name as the Movants have not yet uncovered the true name of the insurance company and Wisconsin statute § 807.12 allows an amendment, upon order, to insert a real name at a later date.

7. Defendant GHI Insurance Company provides liability insurance to the Defendants of the suit. For purposes of transparency, this is a fictitious name as the Movants have not yet uncovered the true name of the insurance company and Wisconsin statute § 807.12 allows an amendment, upon order, to insert a real name at a later date.

8. This Court previously entered its Order pursuant to 11 U.S.C. Section 362(a) prohibiting, among other things, any act to enforce any lien against the property of the estate and any act to obtain possession of property of the estate.



MS 203896.411835

9. Movants wish to continue litigating their Lawsuit. Any monetary component of a judgment would not be pursued directly against the Debtor, but instead against the insurers. Any monetary judgment that is rendered and due directly from Debtor will only be recovered as a formal claim within the instant Bankruptcy proceedings.

10. Pursuant to 11 U.S.C. § 362(d)(1), "[o]n request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause . . . " Cause can be demonstrated by a number of different factors, depending on the particular circumstances of the case: "[t]he lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause . . . . [A] a desire to permit an action to proceed to completion in another tribunal may provide another cause . . . . **The facts of each request will determine whether relief is appropriate under the circumstances**." *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001) (citations omitted) (emphasis in original). Bankruptcy courts routinely lift automatic stays to allow tort suits to go forward in state court to determine the liability, if any, of debtors. *Id.* at 861.

11. In order to determine whether lifting of the automatic stay is appropriate, the Court must balance prejudice to the debtor or the estate from the continuation of the civil action against the hardship that the creditor will suffer if the automatic stay continues. *In re Winterland*, 101 B.R. 547, 548 (Bankr. C.D. Ill. 1988) (citing *In re Holtkamp,* 669 F.2d 505, 508 (7th Cir. 1982.)). This balancing test considers whether or not (i) any great prejudice to the bankruptcy estate or the debtor will result from continuation of the civil action, (ii) the hardship to the plaintiff if the stay is not lifted considerably outweighs the hardship to the debtor, and (iii) the creditor-plaintiff has a probability of prevailing on the merits of the civil action. *Id. (Citations omitted.)*

MS 203896.411835



12. There is no great prejudice to the bankruptcy estate or Debtor in continuing with the civil action. As Movant proceeds, it will be able to determine the true identity of insurance companies which represent Debtor, pursue discovery, and determine whether settlement is plausible. Mere participation in litigation does not constitute great prejudice. *Id.* at 549. Furthermore, Debtor will not be prejudiced if the stay is lifted, and there will be minimal interference with these bankruptcy proceedings as the amount of any judgment that Movant obtains will likely be covered by Debtor's insurance companies. *See In re R.J. Groover Const., L.L.C.*, 411 B.R. 460, 465 (Bankr. S.D. Ga. 2008) (lifting automatic stay because debtors' estate was not prejudiced where cost of defending underlying litigation would be borne by debtors' insurance group).

13. Wisconsin's direct action statute (Wis. Stat. § 632.24) subjects an insurance company to direct liability in Wisconsin for the negligence of its insured. *Finder v. Am. Heartland Ins. Co.*, No. 2006AP918, 2007 Wisc. App. LEXIS 1150 (Ct. App. Aug. 23, 2007). Movant is yet unable to identify Debtor's liability insurance companies, but once it acquires that information, the Lawsuit can continue directly against the insurers.

14. There is a litany of factors that demonstrate the hardships Movant would suffer in the event that the automatic stay is not lifted. Over the past two years and apart from the plethora of medical care that Movant has undergone and is on-going, Movant continues to suffer from mental anguish, disfigurement, physical impairment, lost earning capacity and property damage. Movant will be substantially prejudiced if it is unable to litigate its Lawsuit against Debtor, as there is no other remedy to recover for the negligence and strict products liability claims against Debtor.

15. Movant is obligated under Wisconsin Statute 801.02 to complete service on all defendants in its Lawsuit within ninety (90) days after filing.

4

MS 203896.411835



16. Pursuant to the facts provided in Movant's Lawsuit complaint, there is a probability of Movant prevailing on the merits of same, as illustrated in paragraphs 27 through 80 of the attached Exhibit A. It is of great importance that the factors set out by prior courts do not require "*success*" in the civil action, but rather a *probability* of prevailing.

17. Good and sufficient cause exists in this case to modify the automatic stay of Section 362 for the reason that:

(a) Movant Troy Craig has been seriously harmed by this incident as he was sprayed with gasoline which then ignited and caused severe burns over most of his body. Movants Diana Craig and Amy Craig were emotionally harmed by observing the incident.

(b) To bar Movants from proceeding with state court litigation would cause them irreparable injury, loss and damage, and also prejudice them greatly.

(c) Allowing Movants to recover from the other defendants and Debtor's insurance company should not negatively impact the Debtor or their chances at a successful reorganization.

(d) In order to determine who is fully liable for the damage caused to Movants, Debtor is a necessary party in the state court litigation.

(e) The hardship to Movant if the stay is not lifted vastly outweighs any potential prejudice to Debtor.

18. Movant specifically requests permission from this Honorable Court to communicate with Debtor and Counsel for Debtor to the extent provided for under applicable nonbankruptcy law in matters regarding the state court litigation.

WHEREFORE, Movants pray that this Court terminate the automatic stay in order to permit Movants, or their successors and assigns, to proceed with the state court litigation filed in Milwaukee County, Case Number 2020CV003953; that Movants seek to serve all defendants and are entitled to do so, to pursue their remedies under

state law against all Defendants, to assess a monetary value to their potential judgment and to recover their judgment against all defendants who are not the Debtor, and for an order that the relief from the automatic stay is not stayed pursuant to Rule 4001 for fourteen (14) days and for such other relief as is appropriate and just.

Dated August 31, 2020

Respectfully Submitted:
Millsap & Singer, LLC

*/s/ Cynthia M. Kern Woolverton*
Cynthia M. Kern Woolverton, #47698, #47698MO
Stewart C. Bogart, #67956, #67956MO
Muhammad Esa Ahmed, #70619, #70619MO
Christopher D. Lee, #63024, #63024MO
612 Spirit Drive
St. Louis, MO
Telephone: (636) 537-0110
Facsimile: (636) 537-0067
bkty@msfirm.com

Attorneys for Troy Craig, Diana and Amy Craig

MS 203896.411835

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was filed electronically on August 31, 2020, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court pursuant to CM/ECF as set out on the Notice of Electronic filing as issued by the Court or in the alternative has been served by depositing a true and correct copy of same enclosed in a postage prepaid, properly addressed envelope, in a post office official depository under the exclusive care and custody of the United States Postal Service within the state of Missouri on those parties directed by the Court on the Notice of Electronic Filing issued by the Court as required by the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court.

                                          */s/ Cynthia M. Kern Woolverton*

**Electronic Mail Notice List**

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case.

    Lauren Z. Alexander
    Lauren.Alexander@weil.com

    Ronit J. Berkovich
    Ronit.Berkovich@weil.com

    Corey D. Berman
    Corey.Berman@weil.com

    Andrew Citron
    Andrew.Citron@weil.com

    Lindsay Combs
    ltl@carmodymacdonald.com

    Angela L Drumm
    ald@carmodymacdonald.com

    Robert E. Eggmann
    ree@carmodymacdonald.com

    Debora A. Hoehne
    Debora.Hoehne@weil.com

MS 203896.411835

Christopher J. Lawhorn
cjl@carmodymacdonald.com

Martha E. Martir
Martha.Martir@weil.com

Janiel Jodi-ann Myers
Janiel.Myers@weil.com

Nicholas J. Pappas
nicholas.pappas@weil.com

Edward Soto
Edward.Soto@weil.com

Danielle A. Suberi
das@carmodymacdonald.com

Andrew M. Carty
acarty@brownrudnick.com

Alexander L Moen
amoen@dubllc.com

James W. Stoll
jstoll@brownrudnick.com

Gregory D Willard
gwillard@dubllc.com

Andrew M. Carty
acarty@brownrudnick.com

Alexander L Moen
Amoen@dubllc.com

James W. Stoll
jstoll@brownrudnick.com

Gregory D Willard
gwillard@dubllc.com

Office of the United States Trustee

**Manual Notice List**

The following is a list of parties who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

    Briggs & Stratton Corporation
    PO Box 702
    Milwaukee, WI 53201

    All Creditors on the Master Service List


MS 203896.411835

Wilmington Trust N.A. 50 South Sixth Street, Suite 1290
Minneapolis, Minnesota 55402

Zhejiang Zhouli Industrial Co
Jinyanshan Industrial Zone
Wuyi 130, CN 321210

American Honda Motor Company Inc
1919 Torrance Blvd
Torrance, CA Us 90501-2746

Starting Usa Corporation
1676 Rowe Pkwy
Poplar Bluff, MO US 63901-7014

Anthem Blue Cross Blue Shield
1671 W Streetsboro Rd
Peninsula, OH 44264

Mazak Optonics Corporation
39003 Treasury Ctr
Chicago, IL US 60694-9000

Trend Technologies LLC
4626 Eucalyptus Ave
Chino, CA 91710

Plastocon Inc
1200 W 2nd St
Oconomowoc, WI 53066-3403

MuniStrategies, LLC Muni Strategies Sub- CDE#24, LLC
2819 North State Street (39216-4306) P.O. Box 2170
Jackson, MS 39225-2170

Sears, Roebuck & Co. Bankruptcy
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121

Jiangsu Jianghuai Engine Co Ltd
No 58 South Xiwang Road
Yancheng 100 CN 224007

Leslie and Daniel Fassett
re: Matter #454
c/o Ross Feller Casey, LLP 1650 Market Street Suite 3450
Philadelphia, PA 19103

Changzhou globe co ltd no. 65 (3-4) Xinggang Road
Zhonglou Zone,
Changzhou 100 CN 213023

Accurate Fabrication Llc
2050 Constitution Ave
Hartford, WI US 53027-8915

Hoffer Plastics Corporation
Lock Box
6617 131 S. Dearborn
Chicago, IL 60678-6617

Wright Metal Products Crates LLC
111 Franklin St
Lavonia, GA US 30553-4403

DV Community Investment, LLC DVCI CDE XXXIV, LLC c/o Dudley Ventures
22 E. Jackson Street
Phoenix, AZ 85004

SunTrust Community Capital, LLC BS Statesboro Investment Fund, LLC ST CDE XXXVIII
1155 Peachtree Street, Suite 300
Atlanta, GA 30309

Hydro-Gear Lp 120 South Lasalle St Chicago, IL US 60603-3403

Zhejiang Constant Engine
Yueying Road Paojiang Ind Com Park
Shaoxing 130 Cn 312000

Metal Technologies
2260 Reliable Pkwy
Chicago, IL US 60686-0022

Green Bay Packaging Inc
Bin 53139
Milwaukee, WI US 53288-0001

R R Donnelley & Sons Company
7810 Solution Ctr
Chicago, IL US 60677-0001

Dantherm S.P.A.
Via Gardesana 11
37010 Pastrengo (vr), Italy

Dutchland Plastics Llc
54 Enterprise Ct
Oostburg, WI UU 53070-1656

G H Tool & Mold Inc
28 Chamber Dr
Washington, MO US 63090-5279

Pro Unlimited, Inc.
7777 Glades Road Suite 208
Boca Raton, FL 33434

A R North America
140 81st Ave Ne
Minneapolis, MN US 55432-1770

CDW Limited
200 N Milwaukee Avenue
Vernon Hills, IL 43785

Leland Powell
Fasteners LLC 2
88 Holbrook Drive
Wheeling, IL 60090


MS 203896.411835

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In The Matter Of: | ) | |
| | ) | |
| Briggs & Stratton Corporation | ) | Case Number: 20-43597-399 |
| | ) | |
|    Debtor | ) | |
| | ) | Chapter 11 |
| Troy Craig, Diana Craig and Amy Craig | ) | |
| | ) | Motion to Lift Stay filed by |
|    Movant, | ) | Troy Craig, Diana and Amy Craig |
| | ) | |
| vs. | ) | |
| | ) | Millsap & Singer, LLC |
| Briggs & Stratton Corporation | ) | 612 Spirit Drive |
| | ) | St. Louis, MO 63005 |
| | ) | (636) 537-0110 |
|    Respondent | ) | |
| | ) | |

### SUMMARY OF EXHIBITS AND CERTIFICATE OF SERVICE

The following exhibits in reference to the Motion for Relief have been electronically attached as Exhibits and are available upon request in their entirety.

    A.    Copy of Movants' Complaint in State Court

Respectfully Submitted:
Millsap & Singer, LLC

*/s/ Cynthia M. Kern Woolverton*
Cynthia M. Kern Woolverton, #47698, #47698MO
Stewart C. Bogart, #67956, #67956MO
Muhammad Esa Ahmed, #70619, #70619MO
Christopher D. Lee, #63024, #63024MO
612 Spirit Drive
St. Louis, MO
Telephone: (636) 537-0110
Facsimile: (636) 537-0067
bkty@msfirm.com

Attorneys for Troy Craig, Diana and Amy Craig

MS 203896.411835



## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of all documents supporting my Motion for Relief referenced above have been served on Counsel for the Debtor on August 31, 2020.  Copies of the above documents are available to other parties in interest upon request.

                                               */s/ Cynthia M. Kern Woolverton*



MS 203896.411835