UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-43597-399 |
| BRIGGS & STRATTON CORPORATION, | ) ) | |
| | ) | Chapter 11 |
| Debtors. | ) ) | |
| | ) | Hearing Date: October 5, 2020 |
| BRENDA KELLEY, | ) | |
| | ) | Hearing Time: 2:00 p.m. |
| Movant, | ) | |
| | ) | Hearing Location: Cape Girardeau |
| | ) | Courtroom 3A |
| v. | ) | |
| | ) | Response Due: October 1, 2020 |
| BRIGGS & STRATTON CORPORATION, | ) ) | |
| | ) | |
| Respondent. | ) | |

**NOTICE OF HEARING AND MOTION FOR RELIEF FROM AUTOMATIC STAY**

**WARNING: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY OCTOBER 1, 2020. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS. THE HEARING TO BE HELD ON THE DATE AND TIME ABOVE BEFORE THE HONORABLE BARRY S. SCHERMER, IN THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF MISSOURI, SOUTHEASTERN DIVISION, RUSH HUDSON LIMBAUGH, SR. U.S. COURTHOUSE, COURTROOM 3A, 555 S. INDEPENDENCE STREET, CAPE GIRARDEAU, MO 63703.**

COMES NOW Movant Brenda Kelley ("**Kelley**"), by and through her undersigned counsel, and pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001, moves the Court for an order granting relief from the automatic stay of creditor actions against Briggs & Stratton Corporation ("**Debtor**"), formerly known as Briggs & Stratton Power Products Group, LLC. In support thereof, Kelley states as follows:

## Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §362 and Bankruptcy Rule 4001(a).

## Background

2. On May 22, 2020, a mower ejected Kelley onto her concrete driveway, causing her to land on her left side (the "**Injury**"), due to the mower's inoperable brakes.

3. The inoperable brakes were, in whole or in part, manufactured, designed and placed into the stream of commerce by Briggs & Stratton Power Products Group, LLC, which is now Briggs & Stratton Corporation.

4. As a result of the inoperable mower brakes, Kelley sustained severe personal injuries, medical expenses, and other damages.

5. Soon thereafter, Kelley hired an attorney to prepare a Petition for Damages against Debtor, soon to be filed in Illinois state court (the "**State Case**").

6. Among other relief sought in the State Case, Kelley seeks judgment against Debtor and the costs of Kelley's cause of action.

7. On or about July 20, 2020, Debtor filed its Chapter 11 Petition herein. Debtor did not list Kelley as a creditor therein.

8. Upon filing and pursuant to 11 USC Section 362, an automatic stay of creditor actions against Debtor was imposed.

## Relief Requested

9. On information and belief, at the time of the Injury, Debtor was insured by one or more insurance policies of liability insurance, which provide available insurance coverage against liability for the claims in the expected Petition for Damages, such that allowing the civil action litigation to proceed will cause no harm to the Debtor or the bankruptcy estate.

10. On information and belief, no other named defendant in the State Case is a debtor in bankruptcy.

11. Kelley seeks relief from the automatic stay in order to pursue her cause of action against Debtor in the State Case for the purpose of recovering any insurance coverage available under any policy insuring Debtor and in order to liquidate her claim.

12. Granting relief from the automatic stay to allow the State Case to proceed will completely resolve all issues between Debtor and Kelley, as the claims alleged in the State Case will be the only issue that exists between Debtor and Kelley, which, because of available insurance, will end upon the conclusion of the State Case.

13. Granting relief from the automatic stay will not interfere with the bankruptcy estate because Kelley is seeking to liquidate her claims in the State Case in order to recover under applicable insurance policies and possibly against other non-Debtor defendants.

14. Granting relief from the automatic stay will not prejudice other creditors, as Kelley is seeking relief solely for the purpose of recovering under applicable insurance policies and other non-Debtor defendants.

15. Denying relief from the automatic stay will impose substantial hardships on Kelley in that Kelley would be forced to delay further pursuit of her claims in the State Case for what could be approximately two and a half more years, presenting issues with preservation of evidence, loss of witnesses, and a substantial delay in recovery for Kelley and causing her severe prejudice.

16. For the foregoing reasons, cause exists pursuant to 11 U.S.C. § 362(d)(1) to grant Kelley relief from the automatic stay in order to allow Kelley to proceed for the purpose of recovering any insurance coverage available under any other policy insuring Debtor, as well as against other non-Debtor defendants in order to pursue Kelley's cause of action.

WHEREFORE, Movant Brenda Kelley respectfully prays that this Court enter its Order terminating and/or modifying the automatic stay of 11 U.S.C. § 362 to allow Kelley to proceed in the State Court Case against any insurance coverage of the Debtor, as well as against other non-Debtor defendants, and any insurance company for such non-Debtor defendants, and that this Court grant such other and further relief as this Court deems proper under the law and circumstances.

Respectfully Submitted,

WALTRIP & SCHMIDT, LLC


By:    */s/ Michael A. Becker*
       Michael A. Becker, #36999MO
       Frank J. Schmidt, #49967MO
       Amanda M. Basch, #59984MO
       8151 Clayton Road, Suite 200
       Clayton, MO 63117
       Ph: (314) 721-9200
       Fax: (314) 880-7755
       Email:
           mab@mabeckerlaw.com
           fschmidt@fschmidtlaw.com
           abasch@fschmidtlaw.com

*Attorneys for Movant Brenda Kelley*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on September 1st, 2020, with the United States Bankruptcy Court and has been served on all counsel of record and the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Mail Service, first class, postage fully pre-paid, address to the party listed below on September 1st, 2020.

**Briggs & Stratton Corporation**
PO Box 702
Milwaukee, WI 53201
*dba* **Briggs & Stratton Power Products Group, LLC**
*dba* **Briggs & Stratton Power Products, LLC**
*dba* **Briggs & Stratton Power Products Group**

       */s/ Michael A. Becker*