**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | **Chapter 11** |
|  | § | **Case No. 20-43597-399** |
| **BRIGGS & STRATTON CORPORATION,** *et al.,* | § § § | **(Jointly Administered)** |
|  | § |  |
| Debtors. | § § § § | Hearing Date: December 16, 2020
Hearing Time: 10:00 a.m. (Central Time)
Hearing Location: Courtroom 5 North
111 S. 10th St., St. Louis, MO 63102 |

**NOTICE OF DEBTORS' AMENDED THIRTEENTH OMNIBUS
OBJECTION TO CLAIMS ON GROUNDS OF NO LIABILITY**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.**
>
> **IF YOU CHOOSE TO RESPOND, A WRITTEN RESPONSE MUST BE FILED WITH THE CLERK OF COURT, U.S. BANKRUPTCY COURT, 111 SOUTH TENTH STREET, 4TH FLOOR, ST. LOUIS, MISSOURI 63102, AND A COPY SERVED UPON COUNSEL TO THE DEBTORS, (A) WEIL, GOTSHAL & MANGES LLP, 767 FIFTH AVENUE, NEW YORK, NEW YORK 10153 (ATTN: ELI BLECHMAN, ESQ. AND JANIEL MYERS, ESQ.) AND (B) CARMODY MACDONALD P.C., 120 S. CENTRAL AVENUE, SUITE 1800, ST. LOUIS, MISSOURI 63105 (ATTN: DORMIE KO, ESQ.), SO THAT THE RESPONSE IS RECEIVED <u>NO LATER THAN 4:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 9, 2020.</u>**
>
> **FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE. YOU SHOULD READ THIS NOTICE AND THE ACCOMPANYING MOTION CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

**Important Information Regarding the Objection**

1. **Grounds for the Objection**. By this Objection, the Debtors are seeking to **disallow** your claim(s) on the grounds that each represents a claim for which the Debtors believe, based on a reasonable review of the Debtors' books and records, the Debtors have no liability. The claim(s) subject to the Objection is/are listed in the table attached to the Objection as **Exhibit A**.

**Resolving the Objection**

2. **Parties Required to File a Response**. If you disagree with the Objection filed with respect to any of your claims, you may file a response (each, a "**Response**") with the

Court in accordance with the procedures described below and appear at the Hearing (as defined herein).

3. **Response Contents**. Each Response should contain the following (at a minimum):

   a. a caption stating the name of the Court, the name of the Debtors, the case number, the Objection, and claim or claims within the Objection to which the Response is directed;

   b. a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim(s), including the factual and legal bases upon which you rely in opposing the Objection;

   c. copies of documentation or other evidence of your claim (not previously filed with proof of such claim) on which your Response is based (excluding confidential, proprietary, or other protected information, copies of which must be provided to the counsel to the Debtors, subject to appropriate confidentiality constraints, if any); and

   d. the following contact information:

      (i) your name, address, telephone number, and email address or the name, address, telephone number, and email address of your attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

      (ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on your behalf (to the extent different from the information detailed in paragraph 3(d)(i) above).

4. **Response Deadline**. Your Response must be filed with the Court and served so as to be *actually received* by **4:00 p.m. (Central Time) on December 9, 2020 (**the **"Response Deadline").**

5. **Failure to Respond**. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent an agreement with the Debtors resolving the Objection to a claim, failure to timely file and serve a Response as set forth herein and appear at the Hearing may result in the Court granting the Objection without further notice or hearing**. Upon entry of an order, you will be served with a notice of entry, and a copy, of the order.

2

### Hearing on the Objection

6. **Date, Time, and Location**. If necessary, a hearing (the "**Hearing**") on the Objection will be held on **December 16, 2020 at 10:00 a.m. (Central Time) in the United States Bankruptcy Court for the Eastern District of Missouri, 5th Floor, North Courtroom, Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri**. Such Hearing may be adjourned from time to time in these chapter 11 cases in the Debtors' sole discretion. **You must attend the Hearing if you disagree with the Objection and have filed a Response**. If you file a Response in accordance with the response procedures herein, but such Response is not resolved prior to the Hearing, and you appear at the Hearing, the Objection may be heard at the Hearing or adjourned to a subsequent hearing in the Debtors' sole discretion. If a subsequent hearing is determined to be necessary, the Debtors will file with the Court and serve you with a notice of the subsequent hearing (the date of which will be determined in consultation with the affected claimant(s)).

### Additional Information

7. **Questions or Information**. Copies of the pleadings (collectively, the "**Pleadings**") filed in these chapter 11 cases are available at no cost at the Debtors' case website http://www.kccllc.net/Briggs. You may also obtain copies of any of the Pleadings filed in these chapter 11 cases for a fee at the Court's website at https://pcl.uscourts.gov/pcl/. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

### Reservation of Rights

**NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (I) AN ADMISSION AS TO THE VALIDITY OF ANY PREPETITION CLAIM AGAINST A DEBTOR; (II) A WAIVER OF ANY PARTY'S RIGHT TO DISPUTE ANY PREPETITION CLAIM ON ANY GROUNDS; (III) A PROMISE OR REQUIREMENT TO PAY ANY PREPETITION CLAIM; (IV) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THE MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THE MOTION; (V) A REQUEST OR AUTHORIZATION TO ASSUME ANY PREPETITION AGREEMENT, CONTRACT, OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (VI) A WAIVER OF THE DEBTORS' RIGHTS UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW. FOR THE AVOIDANCE OF DOUBT, THE DEBTORS RESERVE THE RIGHT TO OBJECT TO ANY CLAIMS FILED BY THE CLAIMANT AGAINST ANY OF THE DEBTORS, INCLUDING THE CLAIMS THAT ARE THE SUBJECT OF THIS OBJECTION, ON SUBSTANTIVE OR OTHER GROUNDS.**

WEIL:\97710947\1\30180.0004

Dated: November 16, 2020
St. Louis, Missouri

                    CARMODY MACDONALD P.C.

                    */s/ Robert E. Eggmann*
Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
Email: ree@carmodymacdonald.com
       cjl@carmodymacdonald.com
       thr@carmodymacdonald.com

*Local Counsel to the Debtors and*
*Debtors in Possession*

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit J. Berkovich (admitted *pro hac vice*)
Debora A. Hoehne (admitted *pro hac vice*)
Martha E. Martir (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ronit.Berkovich@weil.com
       Debora.Hoehne@weil.com
       Martha.Martir@weil.com

*Counsel to the Debtors*
*and Debtors in Possession*

# Exhibit A

## Schedule of Claims

WEIL:\97710947\1\30180.0004

**Exhibit A - No Liability Claims**
*Briggs & Stratton Corp., et al.*

| No. | Claimant Name | Claimant Address | Case Number | Debtor Name | Date Filed | Claim Number to be Disallowed | Secured | Admin. | Priority | Unsecured | Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Indemnity Insurance Company of North America | Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia, PA  19103 | 20-43600 | Briggs & Stratton Tech, LLC | 10/5/2020 | 6 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | After reviewing its books and records, the Debtors have determined there is no liability owed on behalf of Briggs & Stratton Tech, LLC with respect to this claim. |
| 2 | Indemnity Insurance Company of North America | Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia, PA  19103 | 20-43599 | Briggs & Stratton International, Inc. | 10/5/2020 | 10 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | After reviewing its books and records, the Debtors have determined there is no liability owed on behalf of Briggs & Stratton International, Inc. with respect to this claim. |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | § | **Chapter 11** |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-43597-399** |
| **BRIGGS & STRATTON** | § | |
| **CORPORATION,** *et al.,* | § | **(Jointly Administered)** |
| | § | |
| **Debtors.** | § | Hearing Date: December 16, 2020 |
| | § | Hearing Time: 10:00 a.m. (Central Time) |
| | § | Hearing Location: Courtroom 5 North |
| | § | 111 S. 10th St., St. Louis, MO 63102 |

**DEBTORS' AMENDED THIRTEENTH OMNIBUS**
**OBJECTION TO CLAIMS ON GROUNDS OF NO LIABILITY**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.**
>
> **IF YOU CHOOSE TO RESPOND, A WRITTEN RESPONSE MUST BE FILED WITH THE CLERK OF COURT, U.S. BANKRUPTCY COURT, 111 SOUTH TENTH STREET, 4TH FLOOR, ST. LOUIS, MISSOURI 63102, AND A COPY SERVED UPON COUNSEL TO THE DEBTORS, (A) WEIL, GOTSHAL & MANGES LLP, 767 FIFTH AVENUE, NEW YORK, NEW YORK 10153 (ATTN: ELI BLECHMAN, ESQ. AND JANIEL MYERS, ESQ.) AND (B) CARMODY MACDONALD P.C., 120 S. CENTRAL AVENUE, SUITE 1800, ST. LOUIS, MISSOURI 63105 (ATTN: DORMIE KO, ESQ.), SO THAT THE RESPONSE IS RECEIVED <u>NO LATER THAN 4:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 9, 2020.</u>**
>
> **FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE. YOU SHOULD READ THIS NOTICE AND THE ACCOMPANYING MOTION CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

Briggs & Stratton Corporation and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection to claims (the "**Objection**") on the grounds of no liability and submit the *Declaration of Jeffrey Ficks in Support of the Debtors' Amended Thirteenth Omnibus Objection to Claims on Grounds of No Liability*, attached hereto as **Exhibit B** (the "**Ficks Claims Declaration**"):

WEIL:\97710947\1\30180.0004

**Background**

1. On July 20, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 5, 2020, the United States Trustee appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015(b) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "**Local Rules**").

3. On the Petition Date, the Debtors filed the Bidding Procedures Motion.[1] On August 19, 2020, the Court entered the Bidding Procedures Order[2] [Docket No. 505] that, among other things, approved bidding procedures in connection with the sale of the Debtors' assets, scheduled an auction to take place on September 1, 2020, and scheduled a sale hearing for September 15, 2020. On September 15, 2020, the Court entered an order authorizing the Debtors

---

[1] *Motion of Debtors for Entry of an Order (I) Approving (A) Bidding Procedures, (B) Designation of Stalking Horse Bidder and Stalking Horse Bid Protections, (C) Scheduling Auction and Sale Hearing, (D) Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Assumption and Assignment Procedures; (II) Authorizing (A) Sale of Debtors' Asserts and Equity Interests Free and Clear of Liens Claims, Interests, and Encumbrances and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 53] (the "**Bidding Procedures Motion**").

[2] *Order (I) Approving (A) Bidding Procedures, (B) Designation of Stalking Horse Bidder and Stalking Horse Bid Protections, (C) Scheduling Auction and Sale Hearing, (D) Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment and (II) Granting Related Relief* [Docket No. 505] (the "**Bidding Procedures Order**").

7

to sell substantially all of their assets[3] to Bucephalus Buyer, LLC (the "**Purchaser**"). On September 21, 2020, the Debtors closed the Sale Transaction.[4]

4. On November 9, 2020, the Debtors filed their *Amended Joint Chapter 11 Plan of Briggs & Stratton Corporation and its Affiliated Debtors* [Docket No. 1226] (the "**Plan**") and the *Amended Disclosure Statement for Joint Chapter 11 Plan of Briggs & Stratton Corporation and its Affiliated Debtors* [Docket No. 1227] (the "**Disclosure Statement**"). The Court approved the Disclosure Statement [Docket No. 1233] and scheduled the hearing for confirmation of the Plan for December 18, 2020.

5. The Debtors continue to honor their post-closing sale obligations, wind down their estates, pursue confirmation of the Plan, and otherwise work on concluding these chapter 11 cases.

6. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Jeffrey Ficks, Financial Advisor of Briggs & Stratton Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 51] (the "**Ficks Declaration**").

## Jurisdiction

7. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] *Order (I) Authorizing the Sale of the Asserts and Equity Interests to the Purchaser Free and Clear of Liens, Claims, Interests, and Encumbrances; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 898].

[4] *See Notice of (I) Filing of Amendment to Stock and Asset Purchase Agreement, And (II) the Occurrence of Closing of the Sale Transaction* [Docket No. 964].

8

**Relief Requested**

8. Pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007(C) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Missouri (the "**Local Rules**") the Debtors respectfully request entry of an order (the "**Proposed Order**"),[5] disallowing the claims listed on **Exhibit A** attached hereto (the "**No Liability Claims**").

**Claims Reconciliation**

9. On August 23, 2020, the Debtors filed their schedules of assets, liabilities, current income, expenditures, executory contracts, and unexpired leases and statements of financial affairs, as required by section 521 of the Bankruptcy Code [Docket Nos. 555–559] (collectively, the "**Schedules**").

10. On August 24, 2020, the Court entered an order [Docket No. 564] (the "**Bar Date Order**"), which, among other things, established (a) October 7, 2020 as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing (the "**General Bar Date**"), and (b) January 19, 2021 as the deadline for all governmental entities holding or wishing to assert a "claim" against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing.

11. As of the date hereof, approximately 2,500 proofs of claim (the "**Proofs of Claim**") have been filed against the Debtors. The Debtors and their advisors have been working diligently to review these Proofs of Claim, including any supporting documentation filed

---

[5] Copies of the Proposed Order will be made available on the Debtors' case information website at http://www.kccllc.net/Briggs.

9

therewith.  For the reasons set forth below, and based on their review to date, the Debtors have determined that the claims objected to herein should be disallowed.

12. As set forth in the Ficks Claims Declaration, the Debtors have examined each No Liability Claim, all documentation provided by the claimant with respect to each No Liability Claim, and the Debtors' respective books and records, and have determined in each case the No Liability Claims are claims that should be disallowed on the basis that each No Liability Claim (a) seeks payment of a debt for which the specified Debtor has no liability, or (b) asserts a claim that is not reflected on the Debtors' books and records and as to which the Debtors believe they have no liability, as described on **Exhibit A** annexed hereto, under the column sub-heading "*Reason for Proposed Disallowance.*"

## Relief Requested Should Be Granted

13. Pursuant to section 502 of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Bankruptcy Rule 3001(f) provides that a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under section 502(a) of the Bankruptcy Code.  FED. R. BANKR. P. 3001(f).  The act of filing an objection alone "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *In re Austin*, 538 B.R. 543, 545 (Bankr. E.D. Mo. 2015) (citing *In re McDaniel*, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001)).  If the objection presents evidence "rebutting the claim," then "the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence." *In re Austin*, 538 B.R. at 545 (citing *In re Gran*, 964 F.2d 822, 827 (8th Cir. 1992); *see also In re Peabody Energy Corp.*, Case No. 16-42529 (BSS), 2017 WL 4570700, at *7 (Bankr. E.D. Mo. Oct. 12, 2017); *In re Seagraves*, Case No. 12-49433 (BSS), 2015 WL 2026707, at *2 (Bankr. E.D. Mo. Apr. 30, 2015); *Dove-Nation v.*

10

*eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004) (*citing In re Innovative Software Designs, Inc.*, 253 B.R. 40, 44 (B.A.P. 8th Cir. 2000)).

14. Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15. As set forth in the Ficks Claims Declaration, the Debtors have thoroughly reviewed each No Liability Claim and the Debtors' respective books and records and have determined that the No Liability Claims do not reflect the liabilities of the Debtors in their books and records.

16. As explained above, the No Liability Claims assert recovery for amounts for which the Debtors are not liable, and such claims are routinely disallowed. *See, e.g., In re Payless Holdings LLC*, Case No. 19-40883 (KAS) (Apr. 17, 2020) (ECF No. 2060) (disallowing no liability claims); *In re Payless Holdings LLC*, Case No. 19-40883 (KAS) (May 11, 2020) (ECF No. 2095) (same); *In re Armstrong Energy, Inc.*, Case No. 17-47541 (KAS) (Mar. 25, 2019) (ECF No. 783) (same); *In re Armstrong Energy, Inc.*, Case No. 17-47541 (KAS) (May 29, 2018) (ECF No. 662) (same); *In re Peabody Energy Corp.*, Case No. 16-42529 (BSS) (Sept. 5, 2017) (ECF No. 3398) (same); *In re Peabody Energy Corp.*, Case No. 16-42529 (BSS) (June 23, 2017) (ECF No. 3192) (same); *In re Arch Coal, Inc.*, Case No. 16-40120 (CER) (Feb. 23, 2017) (ECF No. 1566) (same); *In re Arch Coal, Inc.*, Case No. 16-40120 (CER) (Nov. 14, 2016) (ECF No. 1422) (same).

17. To ensure that the claims register is accurate, and to avoid the possibility of improper recovery against their estates, the Debtors respectfully request that the Bankruptcy Court disallow in their entirety the No Liability Claims.

18. For the avoidance of doubt, the Debtors reserve the right to object to any claims filed by the claimant against any of the Debtors, including the claims that are the subject of this Objection, on substantive or other grounds.

## Reservation of Rights

19. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

## Notice

20. Notice of this Objection will be provided to (i) the Office of the United States Trustee for the Eastern District of Missouri (Attn: Sirena Wilson, Esq.); (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) Latham & Watkins LLP (Attn: Peter P. Knight, Esq. and Jonathan C. Gordon, Esq.), as counsel to JPMorgan Chase Bank, N.A., as the administrative agent and collateral agent under the ABL Credit Facility and DIP Facility; (iv) Pryor Cashman LLP (Attn: Seth H. Lieberman, Esq. and David W. Smith, Esq.), as counsel to Wilmington Trust, N.A., as successor indenture trustee under the Unsecured Notes; (v) the United States Attorney's Office for the Eastern District of Missouri; (vi) Brown Rudnick LLP (Attn: Robert J. Stark, Esq. and Osaka P. Lashko, Esq.), as counsel to the Creditors' Committee; (vii) the claimant that filed No Liability Claims; (viii) any other party that has requested notice pursuant to Bankruptcy Rule 2002; and (ix) any other party entitled to

notice pursuant to Local Rule 9013-3(E) (collectively, the "**Notice Parties**"). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(E)(1).

## No Previous Request

21.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  November 16, 2020
 St. Louis, Missouri

Respectfully submitted,

CARMODY MACDONALD P.C.

 */s/  Robert E. Eggmann*
Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:  (314) 854-8600
Facsimile: (314) 854-8660
Email: ree@carmodymacdonald.com
 cjl@carmodymacdonald.com
 thr@carmodymacdonald.com

*Local Counsel to the Debtors and*
*Debtors in Possession*

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit J. Berkovich (admitted *pro hac vice*)
Debora A. Hoehne (admitted *pro hac vice*)
Martha E. Martir (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Ronit.Berkovich@weil.com
 Debora.Hoehne@weil.com
 Martha.Martir@weil.com

*Counsel to the Debtors*
*and Debtors in Possession*