UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| In re:<br><br>BRIGGS & STRATTON CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 20-43597-399<br><br>(Jointly Administered**)**<br><br>**Related Doc. 1226** |

**ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING AMENDED JOINT CHAPTER 11 PLAN OF BRIGGS & STRATTON CORPORATION AND ITS AFFILIATED DEBTORS**

Oracle America, Inc., successor in interest to Endeca and Sun MicroSystems, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Limited Objection and Reservation of Rights (the "Rights Reservation") regarding the *Amended Joint Chapter 11 Plan of Briggs & Stratton Corporation and Its Affiliated Debtors* [Dkt. No. 1226] ("Plan"), filed by Briggs & Stratton Corporation, *et al.* ("Debtors").

**I.    INTRODUCTION**

Through the Plan, the Debtors seek Bankruptcy Court authority to assume by default a limited category of executory contracts, while rejecting all other types of contracts via deemed rejection language.  The contracts singled out for this assumption by default language in the Plan are those characterized as intellectual property contracts and licenses.    The Plan's Section 8.4, discussed more fully below, effectively creates, by default, deemed assumption treatment for intellectual property agreements, despite the fact that the Plan otherwise provides that executory contracts will be deemed rejected by default, unless otherwise specifically assumed or assigned. This language creates uncertainty for intellectual property contract counterparties such as Oracle, which have been negotiating with Debtors to obtain clarity about contract designations and cure

amounts for specified agreements.

As of the date of filing this Rights Reservation it is unclear whether any Oracle contracts will be assumed through the Plan. Oracle currently has pending objections ("Oracle Sale Objections") to both the Debtors' *Motion Authorizing (A) Sale of Debtors' Assets and Equity Interests Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief ("Sale Motion")* [Dkt No. 833] *and the Fifth Amended Notice of Cure Costs and Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale* [Docket No. 1361] ("Fifth Assignment Notice"). As noted in Oracle's objection to the Fifth Assignment Notice, Oracle has been in communication with the Debtors at length in order to resolve certain issues raised in the Oracle Sale Objections, including contract descriptions and cure. As of the date of filing this Right Reservation, the Oracle Sale Objections remain unresolved[1] and no final decisions regarding assumption and assignment have been made.

If the Debtors ultimately decide not to assume and assign Oracle's agreements, they nonetheless arguably could be deemed assumed by default pursuant to Section 8.4 of the Plan. However, because Oracle's agreements are, or pertain to, one or more licenses of intellectual property, they may not be assumed absent Oracle's consent and payment of the correct cure amount. Debtors also must provide adequate assurance.

Therefore, Oracle requests that the Court deny confirmation of the Plan, to the extent it seeks to authorize the Debtors to assume one or more Oracle agreements in the absence of Oracle's prior consent.

**II.    FACTUAL BACKGROUND**

The above captioned case was filed on July 20, 2020 ("Petition Date") and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

Oracle is a licensor of computer software and provides software related products, technical support, maintenance, educational materials, and programs, as well as cloud-based

---

[1] The hearing on the Oracle Sale Objections has been continued to December 16, 2020.

-2-

services, which Oracle often customizes to meet the customer's specific needs. Prior to the Petition Date, Oracle and the Debtors entered into various agreements including those for Endeca and Sun/MySQL subscription licenses and products ("Oracle Agreements").

On November 9, 2020, the Debtors filed their Plan, which provides for the deemed rejection of all executory contracts upon the Effective Date, other than those specifically assumed or assumed and assigned. The Plan's language states:

> As of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; (iv) is by and between the Debtors and the Purchaser; (v) is identified on the Assumption Schedule; or (vi) is identified in Section 8.3 of the Plan.

*See*, Plan @ Section 8.1.

On December 4, 2020, the Debtors filed a *Notice of Filing of Plan Supplement in Connection With Amended Joint Chapter 11 Plan of Briggs & Stratton Corporation and Its Affiliated Debtors* [Dkt. No. 1369] ("Plan Supplement"). Attached as Exhibit C to the Plan Supplement is a list of contracts to be assumed through the Plan. No Oracle contracts are identified. However, Section 8.4 of the Plan appears to assume all intellectual property licenses and agreements, regardless of whether they are identified in the Plan Supplement. This could potentially sweep in all of the Oracle Agreements, despite the pending Oracle Sale Objections. In relevant part, Section 8.4 of the Plan states as follows:

> Notwithstanding anything to the contrary in the Plan, the Plan Supplement, the Confirmation Order, any other order of the Bankruptcy Court, any bar date notice, any claim objection, or any other document related to any of the foregoing, all intellectual property contracts, licenses, royalties, or other similar agreements to which the Debtors have any rights or obligations in effect as of the date of the Confirmation Order shall be deemed and treated as executory contracts pursuant to the Plan and shall be assumed by the Debtors and the Wind-Down Estates and shall continue in full force and effect unless any such intellectual property contract, license, royalty, or other similar agreement otherwise is specifically rejected pursuant to a separate order of the Bankruptcy Court or is the subject of a separate rejection motion filed by the Debtors in accordance with Section 8.1 of the Plan. Unless otherwise noted hereunder, all intellectual property contracts, licenses, royalties, or other similar agreements shall vest in the Wind-Down Estates, and the Wind-Down Estates may take all actions as may be necessary or appropriate to ensure such vesting as contemplated herein.

-3-

*See*, Plan @ Section 8.4.

Since the Oracle Sale Objections remain unresolved, Oracle wishes to guard against the possibility that purely by operation of the Plan's Section 8.4, the Oracle Agreements are assumed by default, potentially in the absence of either payment of the cure or Oracle's prior consent. For many of the same reasons set forth in the Oracle Sale Objections, incorporated here by this reference to preclude the need for another fulsome reiteration of the legal basis for Oracle's concerns, Oracle objects to the default assumption of the Oracle Agreements, whether under the Plan's Section 8.4 or any other provision.

### III.    ARGUMENT

#### A.    The Debtors May Not Assume The Oracle Agreements Absent Oracle's Consent Because The Oracle Agreements Pertain To One Or More Licenses Of Intellectual Property.

Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c)

Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the

-4-

consent of the non-debtor licensor).

The Oracle Agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, the Debtors must obtain Oracle's consent before assuming the Oracle Agreements. At this time, for the reasons discussed, Oracle does not consent to Debtors' assumption of the Oracle Agreements.

### B.  Prior to Assuming the Oracle Agreements, The Debtors Must Cure All Amounts Outstanding.

Before assuming an executory contract, the Debtors must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1). Absent the foregoing, the executory contracts may not be assumed.

Since the Oracle Sale Objections remain unresolved, it is unclear at this time whether the Oracle Agreements will be assumed. If the Debtors intend to assume the Oracle Agreements, all outstanding amounts in cure must be paid prior to assumption. Therefore, Oracle reserves its rights to be heard regarding the cure amount until after the contracts the Debtors seek to assume are identified with requisite specificity to allow Oracle to determine the correct cure.

### C.  The Debtors Have Not Provided Adequate Assurance.

Section 365(b)(2) of the Bankruptcy Code also obligates the Debtors to provide adequate assurance of future performance under the contract before the executory contract can be assumed. In light of the Debtors' failure to provide either adequate assurance of prompt payment of any cure amount that may be owed, or future performance under the contracts, Oracle is unable to determine whether Debtors have complied, or will comply, with all of the requirements of section 365(b) of the Bankruptcy Code. Accordingly, Oracle reserves its rights to be heard regarding all assumption and cure issues, whether arising under the Plan or via Oracle's Sale Objections.

## IV. CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court deny confirmation of the Plan, solely to the extent it might be read to authorize the Debtors to assume the Oracle Agreements by default. Oracle reserves its right to be heard on all issues set forth herein.

**SILVER LAKE GROUP, LTD.**

Dated: December 11, 2020

/s/ Steven M. Wallace

Steven M. Wallace - #35738
6 Ginger Creek Village Drive
Glen Carbon, Illinois 62034
Direct: (618) 692-5275
Fax: (888) 519-6010
Email: steve@silverlakelaw.com

Local Counsel for Creditor,
Oracle America, Inc

Shawn M. Christianson, Esq.
**BUCHALTER, a Professional Corporation**
55 Second Street, Suite 1700
San Francisco, California 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

Deborah Miller, Esq.
Alice Miller, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Oracle America, Inc.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Court on December 11, 2020, served simultaneously upon all parties receiving service via the Court's CM/ECF System and as listed on the Court's Electronic Mail Notice List, and served by email (or US Mail in the event email addresses are unavailable) to the Notice Parties as contemplated in the Court's *Order (I) Approving Disclosure Statement; (II) Establishing Notice and Objection Procedures for Confirmation of Plan; (III) Approving Solicitation Packages and Procedures for Distribution Thereof; (IV) Approving the Form of Ballots and Establishing Procedures for Voting on the Plan; and (V) Granting Related Relief* [Doc. 1233].

/s/ Steven M. Wallace

Steven M. Wallace - #35738
Silver Lake Group, Ltd.
6 Ginger Creek Village Drive
Glen Carbon, IL 62034
Direct: (618) 692-5275
Email: steve@silverlakelaw.com