UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § § | Chapter 11 |
| | | Case No. 20-43597-399 |
| BRIGGS & STRATTON CORPORATION, *et al.*, | | (Jointly Administered) |
| Debtors. | | Related Docket No. 1043, 1140, 1143, 1148 |

**OMNIBUS ORDER GRANTING MOTIONS FOR RELIEF FROM
THE AUTOMATIC STAY AS TO CERTAIN ASBESTOS CLAIMANTS**

Upon consideration of the *Motion for Relief from the Automatic Stay as to: (1) James Troy and Elaine Troy* [Docket No. 1043]; *(2) Debra Lack, individually and as representative of the Estate of Bruce L. Lack* [Docket No. 1140]; *(3) Robin Schmidt and Joann Schmidt* [Docket No. 1143]; *and (4) Patricia A. Main, individually and as personal representative for the estate of Billy D. Main* [Docket No. 1148] (collectively, the "**Motions**"),[1] and upon consideration of the *Debtors' Omnibus Objection to Certain Asbestos Claimants' Motions for Relief from the Automatic Stay* [Docket No. 1242], the *Omnibus Reply in Support of the Motions for Relief from the Automatic Stay as to Certain Asbestos Claimants* [Docket No. 1264]; and the arguments of counsel at the hearing held before the Court on November 18, 2020; and after due deliberation, **it is hereby ORDERED that the Motions are GRANTED in that:**

      1.    The Movants are granted relief from the automatic stay for cause shown pursuant to Bankruptcy Code section 362(d) to proceed with the State Court Actions, including any subsequent appeals, against the Debtors and any other individuals or entities, to pursue

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motions.

settlement or collection of any judgment only from the Debtor's applicable insurer. In connection with the Schmidts' Motion, Movants are granted relief from the automatic stay to join Briggs & Stratton Corporation as defendant in the Schmidts' State Court Action.

2. To the extent that any Movant's claim (or portion of such claim) against the Debtors is not an Insured Claim (as defined in the Debtors' *Amended Joint Chapter 11 Plan of Briggs & Stratton Corporation and Its Affiliated Debtors* [ECF No. 1211] (as amended from time to time, the "**Plan**")), such claim (or portion of such claim) shall be treated in accordance with the terms and provisions of the Plan, including, without limitation, in the manner and to the extent set forth in Section 4 of the Plan; *provided*, *however*, that the foregoing shall be contingent upon the Plan becoming effective.

3. The Bankruptcy Court shall retain exclusive jurisdiction over any issues arising from or relating to this Order and its enforcement and the State Courts shall retain jurisdiction over the State Court Actions.

4. This Order shall become effective immediately upon entry by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

5. Not later than two (2) business days after the date of this Order, Movants shall serve a copy of the Order and shall file a certificate of service no later than twenty-four (24) hours after service.

DATED: December 15, 2020
St. Louis, Missouri

cke

Barry S. Schermer
United States Bankruptcy Judge

**Order Prepared by:**

Jamie L. Edmonson (admitted *pro hac vice*)
Robinson & Cole LLP
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
(302) 516-1700
(302) 516-1699 (facsimile)

*Attorneys for Movants*