UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | § | Chapter 11 |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-43597-399 |
| BRIGGS & STRATTON, | § | |
| CORPORATION, *et al.*, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**DEBTORS' CONSENT MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. § 362(d) AND LOCAL RULES 9013-1(F)
AND 9062(15) (I) APPROVING RELIEF FROM STAY TO DISMISS
CASE WITH PREJUDICE AND (II) GRANTING RELATED RELIEF**

Briggs & Stratton Corporation ("**Briggs**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this consent motion (the "**Motion**"):

**RELIEF REQUESTED**

1.     By this Motion, and pursuant to section 362(d) of the title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9013-1(F) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "**Local Rules**"), the Debtors seek entry of an order, (a) granting Laura Smyser ("**Smyser**") relief from the automatic stay imposed pursuant to section 362 of the Bankruptcy Code in order to permit Smyser to dismiss with prejudice the case captioned as *Laura Smyser v. MTD Products Company, et al.*, Case No. 1:19-CV-00482-HAB-SLC (the "**Smyser Action**") pending in the United States District Court for the Northern District of Indiana, Fort Wayne Division (the "**District Court**") and (b) granting related relief.

## JURISDICTION

2.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.  On July 20, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015(b) of the Local Rules.

4.  On August 5, 2020, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

5.  Debtor Briggs & Stratton Corporation ("**B&S**") is named as a defendant in the Smyser Action.  The parties to the Smyser Action other than B&S have reached a consensual resolution to have the Smyser Action dismissed with prejudice as to them, and the plaintiff in the Smyser Action now wishes to dismiss the entire case as to all parties, including B&S.  On November 19, 2020, Smyser filed a motion to dismiss the Smyser Action with prejudice (the "**Dismissal Motion**") in the District Court.  A copy of the Dismissal Motion is attached hereto as **Exhibit A**.

2

6. On November 30, 2020, the District Court denied, without prejudice, the Dismissal Motion (the "**Dismissal Order**"), stating that the District Court was prevented from dismissing the Smyser Action due to the Bankruptcy Code's automatic stay. A copy of the Dismissal Order is attached hereto as **Exhibit B**.

## BASIS FOR RELIEF

7. Section 362(d) of the Bankruptcy Code authorizes the Court to grant relief from the automatic stay for cause. *See* 11 U.S.C. § 362(d). By this Motion, the Debtors consent and agree to lift the stay so that Smyser may dismiss the entire Smyser Action with prejudice.

8. Local Rules 9013-1(F) and 9062(15) also permit the Court to grant a consent motion without a hearing if the consent has been obtained from all necessary parties. *See* Local Rule 9013-1(F); *see also* Local Rule 9062(15).

9. Here, good cause exists to grant the relief requested herein. Dismissal with prejudice of the Smyser Action would relieve the Debtors' estates (including the estate of B&S) from liability to Smyser on account of any claims or causes of action. Therefore, the Debtors submit that granting the limited relief requested herein is in the best interests of the Debtors' estates and their creditors.

10. In addition, granting the relief requested herein would allow the District Court to revisit and grant the Dismissal Motion, which would finally resolve the claims in the Smyser Action. No further estate resources would be consumed in granting the requested relief.

11. This Motion has been circulated to and approved by the Creditors' Committee.

## RESERVATION OF RIGHTS

12. Nothing contained herein is intended as an admission as to the validity of any claim against the Debtors or a waiver of the Debtors' or any other party-in-interest's rights to dispute

3

any claim. The Debtors expressly reserve their right to contest any claim related to the relief sought herein.

## NOTICE

13.  Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Eastern District of Missouri (Attn: Sirena Wilson, Esq.); (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) Latham & Watkins LLP (Attn: Peter P. Knight, Esq. and Jonathan C. Gordon, Esq.), as counsel to JPMorgan Chase Bank, N.A., as the administrative agent and collateral agent under the ABL Credit Facility and DIP Facility; (iv) Pryor Cashman LLP (Attn: Seth H. Lieberman, Esq. and David W. Smith, Esq.), as counsel to Wilmington Trust, N.A., as successor indenture trustee under the Unsecured Notes; (v) the United States Attorney's Office for the Eastern District of Missouri; (vi) Brown Rudnick LLP (Attn: Oksana P. Lashko, Esq.), as counsel to the Creditors' Committee; (vii) counsel for the Purchaser, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654 (Attn: Chad Husnick, P.C., Esq. and Gregory F. Pesce, Esq.); (viii) any other party that has requested notice pursuant to Bankruptcy Rule 2002; (ix) Smyser; and (x) any other party entitled to notice pursuant to Local Rule 9013-3(E) (collectively, the "**Notice Parties**"). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(E)(1).

## NO PREVIOUS REQUEST

14.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of Page Left Intentionally Blank*]

Dated:  December 22, 2020
       St. Louis, Missouri

Respectfully submitted,

CARMODY MACDONALD P.C.

  /s/ Robert E. Eggmann
Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
Telephone:  (314) 854-8600
Facsimile:   (314) 854-8660
Email: ree@carmodymacdonald.com
       cjl@carmodymacdonald.com
       thr@carmodymacdonald.com

*Local Counsel to the Debtors and Debtors in Possession*

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit J. Berkovich (admitted *pro hac vice*)
Debora A. Hoehne (admitted *pro hac vice*)
Martha E. Martir (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:   Ronit.Berkovich@weil.com
       Debora.Hoehne@weil.com
       Martha.Martir@weil.com

*Counsel to the Debtors and Debtors in Possession*