**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | § | **Chapter 11** |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-43597-399** |
| **BRIGGS & STRATTON** | § | |
| **CORPORATION,** *et al.,* | § | **(Jointly Administered)** |
| | § | |
| Debtors. | § | Related Docket No. 1511 |

**ORDER APPROVING COMPROMISE
AND SETTLEMENT OF SEARS HOLDING
CORPORATION AND ITS DEBTOR AFFILIATES'
<u>CLAIM AGAINST BRIGGS & STRATTON CORPORATION</u>**

Upon the motion (the "**Motion**")[1] of Briggs & Stratton Corporation and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to Bankruptcy Rule 9019(a), authorizing and approving the settlement agreement entered into on December 8, 2020 by and between Briggs & Stratton Corporation ("**Briggs**") and Sears Holding Corporation and its debtor affiliates ("**Sears**", and such agreement, the "**Settlement Agreement**"), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having represented that adequate and proper notice of the Motion has been given and that no other or further notice need be given; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, **it is hereby ORDERED that the Motion is GRANTED in that:**

1. The Settlement Agreement attached hereto as **Exhibit A** is hereby approved pursuant to Bankruptcy Rule 9019.

2. The Debtors are further authorized, but not directed, to enter into, perform, execute, and deliver all documents, and take all actions necessary to immediately continue and fully implement the Settlement Agreement in accordance with the terms, conditions, and agreements set forth in the Settlement Agreement.

3. Sears is hereby granted an allowed general unsecured claim in the amount of $200,000.00 against Briggs in accordance with the terms and conditions of the Settlement Agreement.

4. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, or (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law.

5. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. Not later than two (2) business days after the date of this Order, the Debtors shall serve a copy of the Order and shall file a certificate of service no later than twenty-four (24) hours after service.

DATED: January 22, 2021
St. Louis, Missouri

cke

　　　　　　　　　　　　　　　　　　　　　　Barry S. Schermer
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

**Order Prepared By:**

Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
**CARMODY MACDONALD P.C.**
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
Telephone:  (314) 854-8600
Facsimile: (314) 854-8660
Email: ree@carmodymacdonald.com
          cjl@carmodymacdonald.com
          thr@carmodymacdonald.com

*Local Counsel to the Wind-Down Estates
of the Debtors*

-and-

Alan D. Halperin (admitted *pro hac vice*)
Julie D. Goldberg (admitted *pro hac vice*)
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  ahalperin@halperinlaw.net
           jgoldberg@halperinlaw.net

*Counsel to the Wind-Down Estates of
the Debtors*

## Exhibit A

**Settlement Agreement**

In re: Sears Holdings Corporation, *et. al.*  
Bankruptcy Case No. 18-23538 (RDD)

**Adversary No. 20-06059**

Kmart Holding Corporation and Sears, Roebuck and Co.,  
Plaintiffs,

v.

Briggs & Stratton Power Products Group, Inc., Defendant

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: (1) Sears Holdings Corporation and its debtor affiliates, as debtors and debtors-in-possession ("Plaintiff" or "Debtors[1]"); and (2) Briggs & Stratton Corporation, successor by merger to Briggs & Stratton Power Products Group, LLC ("Defendant"). Hereinafter, Plaintiff and Defendant are referred to collectively as the "Parties".

**WHEREAS**, on October 15, 2018, Sears Holdings Corporation and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), thereby commencing bankruptcy cases which are jointly administered under Case No. 18-23538 (RDD) (the "Cases");

**WHEREAS**, the Debtors are authorized to continue to operate their business and manage their properties as debtors in possession, and no trustee or examiner has been appointed in these chapter 11 cases;

**WHEREAS**, on October 24, 2018, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") [Bankr. D.I. No. 276];

**WHEREAS**, on April 25, 2019, the Court entered an *Order Authorizing and Approving Procedures for Settling De Minimis Affirmative Claims and Causes of Action of the Debtors* (ECF No. 3363) (the "Settlement Order") which provides, among other things, that the Debtors may settle a claim or cause of action where the settlement amount is equal to or less than $5,000,000.00 without further Court approval, provided that the Debtors give written notice of such proposed settlement to: i) the U.S. Trustee, ii) counsel to the Creditors' Committee, and iii) counsel to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Wilmington Trust, National Association (the "Notice Parties"), and that the Notice Parties do not object to the same within the objection time period (the "Notice Parties' Approval"). To the extent an objection is made by one or more of the Notice Parties, the Debtors may submit the proposed settlement to the Court upon appropriate notice and hearing;

**WHEREAS**, as provided under sections 547-550, 1106, and 1007 of the Bankruptcy Code, Plaintiff is authorized and has standing to prosecute, settle, dismiss, abandon, or otherwise dispose of avoidance actions under chapter 5 of the Bankruptcy Code;

**WHEREAS**, on October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370), which provides, among other things, that certain causes of action, including claims and avoidance actions under Chapter 5 of the Bankruptcy Code, belonging to the Debtors and their estates as defined in the Debtors' Plan of Reorganization are preserved;

**WHEREAS**, Plaintiff commenced an adversary proceeding before the Court in Adv. No. 20-06059 (the "Adversary Proceeding") asserting that the Debtors made transfer(s) totaling $3,816,055.77 (the "Transfers") to Defendant that are avoidable under the provisions of Sections 547-550 of the Code;

**WHEREAS**, Defendant commenced its own chapter 11 case in the United States Bankruptcy Court for the Eastern District of Missouri on July 20, 2020, Case No. 20-43597-399 (the "Defendant's Bankruptcy Case"). As a result, Plaintiff filed a general unsecured claim (Claim No. 8) in Defendant's Bankruptcy Case in the amount of $3,816,055.77 (the "Claim").

**WHEREAS**, following good faith negotiations, Plaintiff and Defendant desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation; and

**WHEREAS**, Defendant has agreed to pay the Settlement Payment (as defined herein) to Plaintiff in full and final settlement of its alleged liability for the Transfers under Chapter 5 of the Bankruptcy Code.

**NOW THEREFORE**, the Parties agree as follows:

Settlement Effective Date. This Settlement Agreement shall become effective upon the execution of the Settlement Agreement by both Parties (the "Settlement Effective Date"). Plaintiff represents that Notice Parties' Approval of the settlement set forth in this Settlement Agreement has been obtained pursuant to the Settlement Order.

1. Settlement Payment. In exchange for the release in Section 3 of this Settlement Agreement, the Parties hereby agree to a reduction in Plaintiff's Claim from $3,816,055.77 to an allowed general unsecured claim in the amount of $200,000.00 (the "Allowed Claim"). The Defendant shall direct the Defendant's claims agent, Kurtzman Carson Consultants, LLC ("KCC"), to update the official claims register to reflect this Settlement Agreement and Defendant shall provide any further documentation as may be requested by Plaintiff to effectuate the updating of Defendant's official claims register and the filing of any claims settlement motion in Defendant's Bankruptcy Case.

2. Notice Parties' Approval; Bankruptcy Court Approval Not Required. Notice Parties' Approval having been obtained pursuant to the Settlement Order, this Settlement Agreement is binding on the Parties and is not subject to further Court approval.

3. Mutual Releases. Both Parties acknowledge this Settlement Agreement is intended to fully resolve Defendant's liability, if any, for the Transfers made by the Debtors to the Defendant,

{20310/00000/2999342.DOCX.}  2

and all of the causes of action set forth in the Complaint. On the Settlement Effective Date, Plaintiff and Defendant do forever release, acquit and discharge each other and all of their officers, directors, employees, representatives, affiliates, agents and professionals, and all of their respective successors and assigns, from any and all liability for the Transfers made by the Debtors to Defendant.

4. <u>Dismissal of Adversary Proceeding</u>. After the Settlement Effective Date, counsel for the Plaintiff shall file a notice of dismissal or stipulation of dismissal with prejudice in the Adversary Proceeding, and Defendant shall cooperate as may be necessary to effectuate the same.

5. <u>Defendant's Claims Against Debtors' Estate.</u> Other than as expressly set forth in section 2 hereof and as otherwise provided in the proviso to this section 5, nothing in this Settlement Agreement shall be deemed to (a) amend, modify or otherwise affect Defendant's unsecured or non-priority or non-administrative claim(s) and/or any unsecured or non-priority or non-administrative proof of claim(s) against the Debtors or their estates, if any, or (b) grant, deny, modify, withdraw, or otherwise affect any pending objection to an existing claim in the Cases; *provided* that, notwithstanding the foregoing, Defendant hereby waives any right it may have under section 502(h) of the Bankruptcy Code to file a proof of claim (or to increase the amount set forth in an existing proof of claim) based on the Settlement Consideration.

6. <u>No Admission of Liability.</u> Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder shall not be construed as an admission of any liability by either Party.

7. <u>Entire Agreement.</u> This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

8. <u>Voluntary Act</u>. Defendant hereby warrants that it is authorized and empowered to execute and perform this Settlement Agreement. Plaintiff hereby warrants that it is authorized and empowered to execute and perform this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understand its terms, and voluntarily accept the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9. <u>Attorney Fees.</u> Each Party shall bear its own attorneys' fees and costs relating to the Transfers, settlement negotiations, and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

10. <u>No Assignment.</u> Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

11. Execution in Counterparts. It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of ___Dec. 8 2020___.

For Plaintiff:

**ASK LLP**

By: _____
Joseph L. Steinfeld, Jr., Esq.
Gary D. Underdahl, Esq.
*Counsel for Sears Holdings Corporation, et. al.,
Debtors and Debtors in Possession*

For Defendant:

**Briggs & Stratton Corporation (successor by merger to Briggs & Stratton Power Products Group, LLC)**

By: _____

Print Name: _____

Title: _____