UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| | § | Case No. 20-43597-399 |
| BRIGGS & STRATTON CORPORATION, et al., | § § § | (Jointly Administered) |
| Debtors. | § § | |

**MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN ORDER
(I) ESTABLISHING DEADLINES FOR FILING GENERAL ADMINISTRATIVE
EXPENSE CLAIMS AND GOVERNMENTAL ADMINISTRATIVE EXPENSE
CLAIMS; AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Alan D. Halperin, as Plan Administrator (the "**Plan Administrator**") of the wind-down estates (the "**Wind-Down Estates**") of Briggs & Stratton Corporation and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represents as follows in support of this motion (the "**Motion**"):

**Background**

1. On July 20, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 5, 2020, the United States Trustee appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015(b) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "**Local Rules**").

2.  On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Approving (A) Bidding Procedures, (B) Designation of Stalking Horse Bidder and Stalking Horse Bid Protections, (C) Scheduling Auction and Sale Hearing, (D) Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Assumption and Assignment Procedures; (II) Authorizing (A) Sale of Debtors' Asserts and Equity Interests Free and Clear of Liens Claims, Interests, and Encumbrances and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 53]. On August 19, 2020, the Court entered an order [Docket No. 505] that, among other things, approved bidding procedures in connection with the sale of the Debtors' assets, scheduled an auction to take place on September 1, 2020, and scheduled a sale hearing for September 15, 2020. On September 15, 2020, the Court entered an order authorizing the Debtors to sell substantially all of their assets[1] to Bucephalus Buyer, LLC (the "**Purchaser**"). On September 21, 2020, the Debtors closed the sale transaction.

3.  On December 18, 2020, the Court entered the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Second Amended Joint Chapter 11 Plan of Briggs & Stratton Corporation and its Affiliated Debtors* [Docket No. 1485] that confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"). The Plan became effective on January 6, 2021 (the "**Effective Date**").

---

[1] *Order (I) Authorizing the Sale of the Asserts and Equity Interests to the Purchaser Free and Clear of Liens, Claims, Interests, and Encumbrances; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 898] (the "**Sale Order**").

2

4. Under the Plan, effective on the Effective Date, all property of the Debtors' bankruptcy estates vested in the Wind-Down Estates and the Plan Administrator was appointed as the exclusive representative of the Wind-Down Estates with the authority to carry out and implement all provisions of the Plan.

5. The Court entered an order on August 24, 2020 establishing the general bar date and the governmental bar date for the case.[2] October 7, 2020 at 11:59 p.m., prevailing Central Time was set as the last date and time for each person and entity (excluding governmental units, as such term is defined in section 101(27) of the Bankruptcy Code, the "**Governmental Units**") to file proofs of claim against the Debtors (the "**General Bar Date**"). Moreover, the Bar Date Order established the last date for each Governmental Unit to file proofs of claim against the Debtors as January 19, 2021 at 11:59 p.m., prevailing Central Time (the "**Governmental Bar Date**"). Administrative expense claims under sections 503(b) (except for section 503(b)(9) expenses) and 507(a)(2) were specifically excluded from the Bar Date Order.

6. The Court entered an order on October 19, 2020 establishing the deadline (the "**First General Administrative Expense Bar Date**") of November 23, 2020 at 5:00 p.m. (Central Time) for each person and entity, other than a Governmental Unit, that asserts entitlement to administrative priority status under sections 503 (but excluding claims under section 503(b)(9)) and/or 507 of the Bankruptcy Code for claims (each, a "**General Administrative Expense Claim**," collectively, the "**General Administrative Expense Claims**") that arose between the Petition Date and October 19, 2020.[3]

---

[2] *Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Relating Thereto and (II) Approving Form and Manner of Notice Thereof* [Docket No. 564] (the "**Bar Date Order**").

[3] *Order (I) Establishing Deadlines for Filing Requests for Payment of General Administrative Expense Claims and Governmental Administrative Expense Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 1121] (the "**First Administrative Expense Bar Date Order**").

3

7. In the First Administrative Expense Bar Date Order, the Court also established the deadline (the "**First Governmental Administrative Expense Bar Date**") of January 19, 2021 at 5:00 p.m. (Central Time) for each Governmental Unit that asserts entitlement to administrative priority status under sections 503 and/or 507 of the Bankruptcy Code for claims (each, a "**Governmental Administrative Expense Claim**," collectively, the "**Governmental Administrative Expense Claims**" and together with the General Administrative Expense Claims, the "**Administrative Expense Claims**") that arose between the Petition Date and October 19, 2020.[4]

8. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Jeffrey Ficks, Financial Advisor of Briggs & Stratton Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 51] (the "**Ficks Declaration**").[5]

## Jurisdiction

9. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[4] *Id.*

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Ficks Declaration.

4

**Relief Requested**

10.  By this Motion, the Plan Administrator seeks entry of an order (the "**Proposed Order**")[6] pursuant to sections 105(a) and 503(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c):[7]

  i. establishing **April 12, 2021** at **5:00 p.m. (Central Time)** as the deadline (the "**Second General Administrative Expense Bar Date**") for each person or entity, other than a Governmental Unit, that asserts a General Administrative Expense Claim that arose between October 20, 2020 and January 6, 2021;

  ii. establishing **April 12, 2021** at **5:00 p.m. (Central Time)** as the deadline (the "**Second Governmental Administrative Expense Bar Date**" and together with the Second General Administrative Expense Bar Date, the "**Second Administrative Expense Bar Dates**") for each Governmental Unit that asserts a Governmental Administrative Expense Claim that arose between October 20, 2020 and January 6, 2021;

  iii. approving the proposed procedures (the "**Filing Procedures**") for filing proofs of claim for administrative expense claims (each, an "**Administrative Expense Proof of Claim**");

  iv. approving the proposed procedures for providing notice (together with the Filing Procedures, the "**Procedures**") of the Second Administrative Expense Bar Dates, including the form of notice (the "**Second Administrative Expense Bar Date Notice**"), substantially in the form annexed as Exhibit 1 hereto; and

  v. approving the proposed model Administrative Expense Proof of Claim form (the "**Administrative Expense Claim Form**"), substantially in the form annexed as Exhibit 2 hereto.

---

[6] Copies of the Proposed Order will be made available on the Debtors' case information website at http://www.kccllc.net/Briggs.

[7] As used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; ad (c) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

5

## The Second Administrative Bar Dates

### A. The Second Administrative Expense Claims Bar Dates

11. To assist in the Debtors' process of winding down and to provide needed clarity as to the total amount of potential administrative expense claims against the Wind-Down Estates, the Plan Administrator seeks to establish the respective bar dates for the General Administrative Expense Claims and the Governmental Administrative Expense Claims that arose between October 20, 2020 and January 6, 2021.

12. Sections 105(a) and 503(a) of the Bankruptcy Code provide the Court with the requisite authority to enter an order establishing the Second Administrative Expense Bar Dates in these cases. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). An inference may be drawn from section 503(a) that a deadline should be established for filing claims for administrative expenses to enable a debtor and its creditors to know which persons and entities are asserting administrative priority and what amounts are required to satisfy such claims.

13. Additionally, section 105(a) of the Bankruptcy Code provides, in relevant part, that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Accordingly, the Court has the authority to set a bar date for the filing of all Administrative Expense Claims that arose between October 20, 2020 and January 6, 2021 to provide for an orderly and fair distribution to creditors.

14. Based on the Filing Procedures set forth below, the proposed Second Administrative Expense Bar Dates will give the Debtors' creditors sufficient opportunity to prepare and file Administrative Expense Proofs of Claim.

6

### B. The Form of Proof of Administrative Expense Claim

15. The Plan Administrator has prepared, and requests that the Court approve, a form for filing a Proof of Administrative Expense Claim based on Official Form 410 that the Plan Administrator has modified to be applicable to filing Administrative Expense Claims that arose between October 20, 2020 and January 6, 2021 substantially in the form annexed as <u>Exhibit 2</u> hereto (the "**Proof of Administrative Expense Claim Form**").

### The Proposed Procedures for Filing Administrative Expense Claims

16. The Plan Administrator proposes the following Filing Procedures for filing Administrative Expense Proofs of Claim:[8]

   i. Unless otherwise provided herein, the Second General Administrative Expense Bar Date for General Administrative Expense Claims shall be **April 12, 2021** at **5:00 p.m. (Central Time)** and the Second Governmental Administrative Expense Bar Date for Governmental Administrative Expense Claims shall be **April 12, 2021** at **5:00 p.m. (Central Time)**.

   ii. Administrative Expense Proofs of Claim must conform substantially to the Administrative Expense Claim Form annexed hereto as <u>Exhibit 2</u>.

   iii. Administrative Expense Proofs of Claim either must be filed (i) through the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/login.pl, (ii) electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing, (iii) sent by first-class mail or overnight courier to the Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (iv) sent by first-class mail, overnight courier, or hand-delivery to Briggs Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. Administrative Expense Proofs of Claim may not be delivered by facsimile or electronic mail transmission.

   iv. Administrative Expense Proofs of Claim will be deemed filed only if actually received by the Clerk of the Court or KCC on or before the

---

[8] For the avoidance of doubt, this Motion *is not* a request for an extension of the General Bar Date for parties asserting prepetition claims or section 503(b)(9) claims to file proofs of claim relating thereto or an alteration of the Governmental Bar Date for Governmental Units to file proofs of claim in respect of prepetition claims against any Debtor.

7

    applicable Second Administrative Expense Bar Date by one of the approved methods of filing described in the Motion.

v. Administrative Expense Proofs of Claim must (a) be signed by the claimant, or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury; (b) set forth with specificity the legal and factual bases for the alleged claim; (c) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not available; (d) be in the English language; and (e) be denominated in United States currency (using the exchange rate, if applicable, as of July 20, 2020).

vi. Administrative Expense Proofs of Claim must specify by name and case number the Debtor against which the General Administrative Expense Claim or Governmental Administrative Expense Claim is filed; if the holder asserts a General Administrative Expense Claim or Governmental Administrative Expense Claim against more than one Debtor or has a General Administrative Expense Claim or Governmental Administrative Expense Claim against different Debtors, a separate Administrative Expense Proof of Claim must be filed with respect to each Debtor.

vii. The following persons and entities are *not* required to file an Administrative Expense Proof of Claim on or before the applicable Second Administrative Expense Bar Date in order to retain their rights to assert the claims identified below:

  a. any person or entity that already has filed in proper form an Administrative Expense Proof of Claim against the Debtors in the above-captioned chapter 11 cases, which claim sets forth with specificity the legal and factual basis for the claim and includes supporting documentation upon which the claimant relies to support the General Administrative Expense Claim or Governmental Administrative Expense Claim in a form substantially similar to the Administrative Expense Claim Form;

  b. any holder of a General Administrative Expense Claim or Governmental Administrative Expense Claim that has been allowed by order of this Court entered on or before the applicable Second Administrative Expense Bar Date;

  c. any person or entity whose General Administrative Expense Claim or any Governmental Unit whose Governmental Administrative Expense Claim has been paid in full by any of the Debtors;

  d. any holder of a General Administrative Expense Claim or Governmental Administrative Expense Claim for which specific deadlines previously have been fixed by this Court;

8

e. any counterparty to an executory contract or unexpired lease of nonresidential real property that was assumed and assigned to the Purchaser pursuant to the Sale Order;

f. any person or entity whose General Administrative Expense Claim or any Governmental Unit whose Governmental Administrative Expense Claim is on account of any open purchase orders;

g. any person who was employed by any Debtor subsequent to the Petition Date;

h. any professional retained by the Debtors or the Creditors' Committee under sections 327, 328, 363 or 1103 of the Bankruptcy Code and whose claim is for services performed and reimbursements of expenses incurred in these cases; and

i. the Office of the U.S. Trustee, including any requests for payment of quarterly fees.

**Consequences of Failure to File an Administrative Expense Proof of Claim**

17. The Plan Administrator proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any holder of a General Administrative Expense Claim or Governmental Administrative Expense Claim that arose between October 20, 2020 and January 6, 2021 that fails to file an Administrative Expense Proof of Claim in appropriate form by the applicable Second Administrative Expense Bar Date "shall not be treated as an administrative creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Accordingly, the Plan Administrator requests that any holder of a claim that arose between October 20, 2020 and January 6, 2021 against any of the Debtors that is required to file an Administrative Expense Proof of Claim in accordance with the Proposed Order, but fails to do so on or before the applicable Second Administrative Expense Bar Date, shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their property, and the Debtors and their property will be discharged from all indebtedness or liability with respect to any such claim. Moreover, the holder of such claim shall not be permitted to participate in any distribution in these chapter 11 cases on account of such claim, or receive further notices regarding such claim.

**Notice of the Administrative Expense Bar Date**

18. Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Plan Administrator proposes to provide notice of the Second Administrative Expense Bar Dates in accordance with the following notice procedures:

   i. Within three (3) business days of entry of an order granting the relief requested herein and at least thirty (30) days prior to the Second General Administrative Expense Bar Date, the Plan Administrator shall cause KCC to mail the Second Administrative Expense Bar Date Notice to the following parties (collectively, the "**Notice Parties**"):

      a. the Office of the U.S. Trustee;

      b. counsel for the Creditors' Committee;

      c. all parties known to the Plan Administrator as having an actual or potential Administrative Expense Claim against any of the Debtors' estates, including all persons who were employed by the Debtors from October 20, 2020 to January 6, 2021;

      d. all parties who have requested notice of the proceedings in these chapter 11 cases as of the date of entry of an order in respect of this Motion;

      e. all parties to executory contracts and unexpired leases of the Debtors; and

      f. such additional persons and entities deemed appropriate by the Plan Administrator.

   ii. The Plan Administrator shall post the Administrative Expense Claim Form and the Second Administrative Expense Bar Date Notice on the website established by KCC for these chapter 11 cases: https://www.kccllc.net/briggs.

19. The Plan Administrator requests the Court approve the use of the Second Administrative Expense Bar Date Notice. Specifically, the Second Administrative Expense Bar Date Notice notifies parties of:

   i. the Second Administrative Expense Bar Dates;

   ii. who must file an Administrative Expense Proof of Claim;

10

   iii. the Procedures for filing an Administrative Expense Proof of Claim;

   iv. the consequences of failing to timely file an Administrative Expense Proof of Claim; and

   v. where parties can find further information with respect to the Debtors' chapter 11 cases.

  20. The Plan Administrator intends to supplement notice of the Second Administrative Expense Bar Dates by providing notice by publication consistent with Bankruptcy Rule 2002(l).  See Fed R. Bankr. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.").  Such notice is appropriate for (i) those holders of Administrative Expense Claims to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Plan Administrator; (ii) known holders of Administrative Expense Claims with addresses unknown by the Plan Administrator; and (iii) holders of Administrative Expense Claims with potential claims unknown by the Plan Administrator.  Accordingly, the Plan Administrator proposes to publish the Second Administrative Expense Bar Date Notice, with any necessary modifications for ease of publication, once in *The New York Times* (national edition) and once in the *St. Louis Post Dispatch*, subject to applicable publication deadlines, prior to the Second General Administrative Expense Bar Date.

**The Proposed Second Administrative Expense Bar Dates Are Reasonable and Appropriate**

  21. The Second Administrative Expense Claims Bar Dates allow the Plan Administrator and parties in interest to expeditiously determine and evaluate the liabilities of the estates.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Plan Administrator in connection with the claims reconciliation process, and delay or even derail the claims process, undercutting principal purposes of bankruptcy law.

11

22. Bankruptcy Rule 2002(a)(7) requires the Plan Administrator to provide at least twenty-one (21) days' notice of the time fixed for filing Administrative Expense Proofs of Claim. Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address.

23. The Proposed Order provides that the Plan Administrator will provide thirty (30) days' notice to all known creditors. KCC will have three (3) business days from the date of entry of an order in respect of this Motion to complete the mailing of the Second Administrative Expense Bar Date Notice.

24. Accordingly, the Plan Administrator submits that the proposed Second Administrative Expense Bar Dates and the proposed Procedures provide sufficient time for all parties in interest to assert their respective Administrative Expense Claims. Further, because the proposed Procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Plan Administrator submits that the proposed Procedures are reasonably calculated to provide notice to all parties that may wish to assert Administrative Expense Claims in these chapter 11 cases.

25. KCC also will post the Administrative Expense Claim Form, along with instructions for filing Administrative Expense Claims, on the website established in these chapter 11 cases (http://www.kccllc.net/Briggs).

26. Accordingly, the Plan Administrator submits that no further or other notice of the Second Administrative Expense Bar Dates is necessary and that the proposed Procedures provide due and proper notice of the Second Administrative Expense Bar Dates. Moreover, the Plan Administrator submits that establishing the Second Administrative Expense Bar Dates and

12

authorizing the Plan Administrator to provide notice thereof, as provided herein, is in the Debtors' best interests and the best interest of their estates, creditors, and other parties-in-interest.

27. Moreover, relief similar to the relief requested herein seeking to establish the Second Administrative Expense Bar Dates and approving the related form and manner of filing an Administrative Expense Claim or Governmental Administrative Expense Claim, has been granted in chapter 11 cases by bankruptcy courts in this district. *In re Briggs & Stratton Corp.*, No. 20-43597 (BSS) (Bankr. E.D. Mo. Oct. 19, 2020) [Docket No. 1121]; *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. October 7, 2016) [Docket No. 1255].

## Reservation of Rights

28. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## Notice

29. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Eastern District of Missouri; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) Latham & Watkins LLP (Attn: Peter P.

13

Knight, Esq. and Jonathan C. Gordon, Esq.), as counsel to JPMorgan Chase Bank, N.A., as the administrative agent and collateral agent under the ABL Credit Facility and DIP Facility; (iv) Pryor Cashman LLP (Attn: Seth H. Lieberman, Esq. and David W. Smith, Esq.), as counsel to Wilmington Trust, N.A., as successor indenture trustee under the Unsecured Notes; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the Eastern District of Missouri; (vii) Brown Rudnick LLP (Attn: Robert J. Stark, Esq. and Osaka P. Lashko, Esq.), as counsel to the Creditors' Committee; (viii) the Securities and Exchange Commission; (ix) any other party that has requested notice pursuant to Bankruptcy Rule 2002; and (x) any other party entitled to notice pursuant to Local Rule 9013-3(E) (collectively, the "**Notice Parties**"). Additionally, copies of this Motion and a proposed order will be made available on the Debtors' case information website (located at https://www.kccllc.net/Briggs). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(E)(1).

## No Previous Request

30. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other court.

WHEREFORE, the Plan Administrator respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 9, 2021
       St. Louis, Missouri

Respectfully submitted,

CARMODY MACDONALD P.C.

 /s/ Robert E. Eggmann
Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
Email: ree@carmodymacdonald.com
       cjl@carmodymacdonald.com
       thr@carmodymacdonald.com

*Local Counsel to the Plan Administrator of the Wind-Down Estates of the Debtors*

-and-

Julie Dyas Goldberg (admitted *pro hac vice*)
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Email: jgoldberg@halperinlaw.net

*Counsel to the Plan Administrator of the Wind-Down Estates of the Debtors*

15