## <u>Exhibit 1</u>

**Second Administrative Expense Bar Date Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

|  |  |  |
|---|---|---|
|  | § | **Chapter 11** |
| In re: | § | |
|  | § | **Case No. 20-43597-399** |
| **BRIGGS & STRATTON** | § | |
| **CORPORATION, et al.,** | § | **(Jointly Administered)** |
|  | § | |
| Debtors. | § | |

## NOTICE OF DEADLINE REQUIRING FILING
## PROOFS OF CLAIM FOR ADMINISTRATIVE EXPENSE CLAIMS

**TO ALL PERSONS AND ENTITIES WITH CLAMS AGAINST THE DEBTORS SET FORTH BELOW:**

| Name of Debtor | Case Number | Tax Identification Number (Last Four Digits) |
|---|---|---|
| Briggs & Stratton Corporation | 20-43597 | 2330 |
| Allmand Bros., Inc. | 20-43598 | 4710 |
| Briggs & Stratton International, Inc. | 20-43599 | 9957 |
| Briggs & Stratton Tech, LLC | 20-43600 | 2102 |
| Billy Goat Industries, Inc. | 20-10575 | 4442 |

| OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS: |
|---|
| Briggs & Stratton Power Products Group, LLC |
| Briggs & Stratton Power Products, LLC |
| Briggs & Stratton Power Products Group |

| **Attorneys for Plan Administrator** | **Attorneys for Plan Administrator** |
|---|---|
| Robert E. Eggmann | Julie Dyas Goldberg |
| Christopher J. Lawhorn | HALPERIN BATTAGLIA BENZIJA, LLP |
| Thomas H. Riske | 40 Wall Street, 37th Floor |
| CARMODY MACDONALD P.C. | New York, New York 10005 |
| 120 S. Central Avenue, Suite 1800 | Telephone: (212) 765-9100 |
| St. Louis, Missouri 63105 | Facsimile:  (212) 765-0964 |
| Telephone: (314) 854-8600 | |
| Facsimile:  (314) 854-8660 | |

| Address of the Clerk of the Bankruptcy Court |
|---|
| United States Bankruptcy Court |
| Eastern District of Missouri |
| 111 South 10th Street, Fourth Floor |
| St. Louis, MO 63102 |
| T: (314) 244-4500 |
| Office Hours: 8:30 a.m.–4:30 p.m. Monday–Friday |

**PLEASE TAKE NOTICE THAT:**

---

YOU ARE RECEIVING THIS NOTICE ("**NOTICE**") BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. HOWEVER, THE FACT THAT YOU ARE RECEIVING THIS NOTICE DOES NOT MEAN THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT YOU ACTUALLY HAVE A CLAIM AGAINST THE DEBTORS. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.

---

On July 20, 2020 (the "**Petition Date**"), Briggs & Stratton Corporation and certain of its affiliates (collectively, the "**Debtors**"), filed voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Missouri (the "**Bankruptcy Court**").

On [●], 2021, the Bankruptcy Court, having jurisdiction over the chapter 11 cases of the Debtors, entered an order (the "**Second Administrative Bar Date Order**")[1] establishing certain dates by which certain parties holding administrative expense claims against the Debtors must file proofs of claim.

For your convenience, enclosed with this notice (the "**Notice**") is an Administrative Expense Claim Form. As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and Office of the United States Trustee. In addition, the terms "persons" and "Governmental Units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

**You may be a creditor of one or more of the Debtors. However, the fact that you have received this Notice does not mean that the Debtors believe that you have a claim against the Debtors or that that you actually have claim against the Debtors. You should not file an Administrative Expense Proof of Claim if you do not have a claim against a Debtor. You should consult an attorney if you have any questions, including whether you should file an Administrative Expense Proof of Claim.**

**If you have any questions relating to this Notice, you may contact the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC"), by telephone at (866) 544-7045 (U.S./Canada) or (781) 575-2084 (International) or by e-mail at http://www.kccllc.net/Briggs/inquiry.**

NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and KCC cannot give legal advice.

## THE BAR DATES

The Administrative Bar Date Order establishes:

i.  **April 12, 2021** at **5:00 p.m. (Central Time)** as the deadline (the "**General Administrative Expense Bar Date**") for each person or entity, other than a Governmental Unit, that asserts entitlement to administrative priority status under sections 503 (but excluding claims under section 503(b)(9) and/or 507 of the Bankruptcy Code for claims that arose between October

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Administrative Bar Date Order.

20, 2020 and January 6, 2021 (each, a "**General Administrative Expense Claim**," collectively, the "**General Administrative Expense Claims**"); and

ii.     **April 12, 2021** at **5:00 p.m. (Central Time)** as the deadline (the "**Governmental Administrative Expense Bar Date**" and together with the General Administrative Expense Bar Date, the "**Administrative Expense Bar Dates**") for each Governmental Unit that asserts entitlement to administrative priority status under sections 503 and/or 507 of the Bankruptcy Code for claims that arose between October 20, 2020 and January 6, 2021 (each, a "**Governmental Administrative Expense Claim**," collectively, the "**Governmental Administrative Expense Claims**" and together with the General Administrative Expense Claims, the "**Administrative Expense Claims**").

Claimants should use reasonable best efforts to assign General Administrative Expense Claims and Governmental Administrative Expense Claims to the appropriate dates as listed on the Proof of Administrative Expense Claim Form, and the Plan Administrator (the "**Plan Administrator**") of the wind-down estates of the Debtors and claimant will work in good faith to reconcile such claims to the appropriate date.

## WHO MUST FILE A PROOF OF ADMINISTRATIVE CLAIM

Any party with a General Administrative Expense Claim or Governmental Administrative Expense Claim that arose between October 20, 2020 and January 6, 2021, and such claim is not one of the types of claims described below, whether such claims are not now fixed, liquidated, or certain.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Administrative Expense Claims include claims for workers' compensation for incidents occurring in the time period mentioned above.

## PARTIES WHO DO NOT NEED TO FILE AN
## ADMINISTRATIVE EXPENSE PROOF OF CLAIM

Certain parties are not required to file an Administrative Expense Proof of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Administrative Expense Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the applicable Administrative Claims Bar Date need not file Administrative Expense Proofs of Claim:

a.      any person or entity that already has filed in proper form an Administrative Expense Proof of Claim against the Debtors in the above-captioned chapter 11 cases, which claim sets forth with specificity the legal and factual basis for the claim and includes supporting documentation upon which the claimant relies to support the General Administrative Expense Claim or Governmental Administrative Expense Claim in a form substantially similar to the Administrative Expense Claim Form;

b.      any holder of a General Administrative Expense Claim or Governmental Administrative Expense Claim that has been allowed by order of this Court entered on or before the applicable Administrative Expense Bar Date;

c.      any person or entity whose General Administrative Expense Claim or any Governmental Unit whose Governmental Administrative Expense Claim has been paid in full by any of the Debtors;

d.      any holder of a General Administrative Expense Claim or Governmental Administrative Expense Claim for which specific deadlines previously have been fixed by this Court;

e.      any counterparty to an executory contract or unexpired lease of nonresidential real property that was assumed and assigned to Bucephalus Buyer, LLC, pursuant to the *Order (I) Authorizing the Sale of the Asserts and Equity Interests to the Purchaser Free and Clear of Liens, Claims, Interests, and Encumbrances; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 898] (the "**Sale Order**");

f.      any person or entity whose General Administrative Expense Claim or any Governmental Unit whose Governmental Administrative Expense Claim is on account of any open purchase orders;

g.      any person who was employed by any Debtor subsequent to the Petition Date;

h.      any professional retained by the Debtors or the Creditors' Committee under sections 327, 328, 363 or 1103 of the Bankruptcy Code and whose claim is for services performed and reimbursements of expenses incurred in these cases; and

i.      the Office of the U.S. Trustee, including any requests for payment of quarterly fees.

This Notice may be sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a General Administrative Expense Claim, a Governmental Administrative Expense Claim, or any other type

of claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

## WHAT TO FILE

The Plan Administrator is enclosing an Administrative Expense Claim Form for use in these cases. Additional Administrative Expense Claim Forms may be obtained at the website established by the Debtors' Court-approved claims and noticing agent, KCC, located at https://www.kccllc.net/Briggs.

All Administrative Expense Claim Forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You must set forth with specificity the legal and factual bases for your claim. You also should attach to your completed Administrative Expense Claim Form any documents on which the Administrative Expense Claim or Governmental Administrative Expense Claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your Administrative Expense Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

Any holder of a General Administrative Expense Claim or a Governmental Administrative Expense Claim against more than one Debtor must file a separate Administrative Expense Proof of Claim with respect to each such Debtor. Any holder of a claim must identify on its Administrative Expense Proof of Claim the specific Debtor against which its claim is asserted and the case number of that Debtor's bankruptcy case. A list of the Debtors and their respective case numbers is set forth above on the first page of this Notice.

## WHEN AND WHERE TO FILE

Except as provided for herein, all Administrative Expense Proofs of Claim must be filed so as to be received **on or before April 12, 2021** at **5:00 p.m. (Central Time)** for General Administrative Expense Claims and **on or before April 12, 2021** at **5:00 p.m. (Central Time)** for Governmental Administrative Expense Claims as follows:

**IF BY FIRST CLASS MAIL OR OVERNIGHT DELIVERY:**

Clerk of the Bankruptcy Court
Eastern District of Missouri
111 S. 10th St., 4th Floor
St. Louis, MO 63102

**IF BY FIRST CLASS MAIL, OVERNIGHT DELIVERY, OR BY HAND:**

Briggs Claims Processing Center
c/o KCC

222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**IF ELECTRONICALLY:**

By using the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/login.pl or via the Electronic Proof of Claim (ePOC) Program on the Court's website at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing.

## CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM BY THE ADMINISTRATIVE CLAIMS BAR DATE

**ANY HOLDER OF A GENERAL ADMINISTRATIVE EXPENSE CLAIM OR GOVERNMENTAL ADMINISTRATIVE EXPENSE CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ADMINISTRATIVE EXPENSE BAR DATE ORDER, AS SET FORTH ABOVE, AND THAT FAILS TO TIMELY FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS AN ADMINISTRATIVE CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSE OF PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.**

A holder of a potential General Administrative Expense Claim or Governmental Administrative Expense Claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file an Administrative Expense Proof of Claim.

## RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Plan Administrator's right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

---

**If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent, KCC, by telephone at (866) 544-7045 (U.S./Canada) or (781) 575-2084 (International) or by e-mail at http://www.kccllc.net/Briggs/inquiry.**

---

THIS NOTICE MAY BE SENT TO MANY PERSONS THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT YOU ACTUALLY HAVE A CLAIM AGAINST THE DEBTORS.  YOU SHOULD NOT FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM IF YOU DO NOT HAVE A GENERAL ADMINISTRATIVE EXPENSE CLAIM OR GOVERNMENTAL ADMINISTRATIVE EXPENSE CLAIM AGAINST ANY OF THE DEBTORS.  YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM.