**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| | § | **Chapter 11** |
| **In re:** | § | |
| | § | **Case No. 20-43597-399** |
| **BRIGGS & STRATTON** | § | |
| **CORPORATION,** *et al.,* | § | **(Jointly Administered)** |
| | § | |
| Debtors.[1] | § | **Hearing Date & Time:** |
| | § | April 14, 2021 at 9:00 a.m. |
| | § | (prevailing Central Time) |
| | § | |
| | § | **Hearing Location:** |
| | § | St. Louis Courtroom 5-North |
| | § | |
| | § | **Objection Deadline:** March 31, 2021 |

**NOTICE OF HEARING AND SUMMARY OF SECOND INTERIM AND FINAL APPLICATION OF CARMODY MACDONALD P.C., AS LOCAL RESTRUCTURING COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM JULY 20, 2020 THROUGH AND INCLUDING JANUARY 6, 2021**

---

**PLEASE TAKE NOTICE** that the *Second Interim and Final Application of Carmody MacDonald P.C., as Local Restructuring Counsel for Debtors and Debtors in Possession, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period July 20, 2020 Through and Including January 6, 2021* (this "<u>Application</u>") is scheduled for hearing at the date and time shown above.

**WARNING:  ANY RESPONSE OR OBJECTION MUST BE FILED WITH THE COURT BY THE OBJECTION DEADLINE SHOWN ABOVE. A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Briggs & Stratton Corporation (2330), Billy Goat Industries, Inc. (4442), Allmand Bros., Inc. (4710), Briggs & Stratton International, Inc. (9957), and Briggs & Stratton Tech, LLC (2102).  The address of the Debtors' corporate headquarters is 12301 West Wirth Street, Wauwatosa, Wisconsin 53222.

**PLEASE TAKE FURTHER NOTICE** that interested parties who wish to appear telephonically may request dial-in information from the Courtroom Deputy, Craig Spidle, at (314) 244-4806 or *Craig_Spidle@moeb.uscourts.gov*.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained: (i) by accessing the Court's website at *https://ecf.moeb.uscourts.gov* through an account obtained from the Pacer Service Center at 1-800-676-6856 or *www.pacer.gov* or (ii) free of charge, by accessing the Debtors' case information website at *http://www.kccllc.net/Briggs*.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected. You should read the Application carefully and discuss them with your attorney, if you have one, in these chapter 11 cases. (If you do not have an attorney, you may wish to consult one).

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Application, or if you want the Court to consider your views on the Application, then you or your attorney must attend the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter orders granting the relief requested in the Application.

*[BALANCE OF PAGE INTENTIONALLY LEFT BLANK.]*

# SUMMARY COVER SHEET FOR SECOND
## INTERIM AND FINAL FEE APPLICATION

In accordance with the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "**Local Bankruptcy Rules**"), Carmody MacDonald P.C. ("**Carmody MacDonald**" or the "**Applicant**"), local restructuring counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of compensation and expenses sought as actual, reasonable, and necessary in the Application to which this Summary is attached for the period November 1, 2020 through and including January 6, 2021 on an interim basis and for the period July 20, 2020 through and including January 6, 2021 on a final basis.

| | |
|---|---|
| **Name of Applicant:** | Carmody MacDonald P.C. |
| **Authorized to Provide Professional Services to:** | Briggs & Stratton Corporation, *et al.* |
| **Petition Date:** | July 20, 2020 |
| **Retention Date:** | July 20, 2020 |
| **Date of Final Order Approving Employment:** | August 19, 2020, effective as of July 20, 2020 [Doc. No.[1] 512] |
| **Time Period Covered by this Application:** | July 20, 2020 – January 6, 2021 |
| **Total Amount of Compensation and Expense Reimbursement Sought to be Allowed this Period:** | $ 591,135.80 |
| **Total Compensation Sought to Be Allowed this Period:** | $ 573,182.00 |
| **Total Expense Reimbursement Sought to Be Allowed this Period:** | $ 17,953.80 |
| **Total Compensation Approved by First Interim Fee Application:** | $ 469,754.00 |
| **Total Expense Reimbursement Approved by First Interim Fee Application:** | $ 16,118.82 |

---

[1]   All pleadings filed in the consolidated bankruptcy case shall be referenced by the abbreviation "Doc. No." followed by the docket number assigned to such pleading.

| | |
|---|---|
| **Compensation Sought in this Application That Was Already Paid But Not Yet Allowed for Second Interim Fee Period:** | $   82,742.20 |
| **Expense Reimbursement Sought in this Application That Was Already Paid But Not Yet Allowed for Second Interim Fee Period:** | $     1,834.98 |
| **Compensation Sought in this Application Not Yet Paid or Allowed for Second Interim Fee Period:** | $   20,685.60 |
| **Blended Rate in this Application for All Attorneys:** | $328.50 |
| **Blended Rate in this Application for Paraprofessionals:** | $191.67 |
| **Blended Rate in this Application for All Timekeepers:** | $296.92 |
| **Number of Timekeepers Included in this Application:** | 12 |
| **Number of Timekeepers Billing Fewer than 15 Hours to the Case During this Period:** | 5 |
| **Are Any Rates Higher Than Those Approved or Disclosed at Retention? If Yes, Calculate the Amount of Compensation Attributable to Any Rate Increase:** | Yes. Paralegal Sandra Damko's hourly rate increased on January 5, 2021 from $175.00 to $185.00, resulting in an overall increase in compensation by the sum of $11.10. |

This is a(n): _____ Interim or __**X**__ Final Application.

The complete Application and accompanying time sheets are available through the United States Bankruptcy Court and are available without charge by contacting the Applicant.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § § § § § | **Chapter 11** |
|  |  | **Case No. 20-43597-399** |
| **BRIGGS & STRATTON CORPORATION,** *et al.,* |  |  |
|  |  | **(Jointly Administered)** |
| Debtors.[3] | § § § § § § § § § § § | **Hearing Date & Time:** April 14, 2021 at 9:00 a.m. (prevailing Central Time)  **Hearing Location:** St. Louis Courtroom 5-North  **Objection Deadline:** March 31, 2021 |

**SECOND INTERIM AND FINAL APPLICATION OF CARMODY MACDONALD P.C., AS LOCAL RESTRUCTURING COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM JULY 20, 2020 THROUGH AND INCLUDING JANUARY 6, 2021**

Carmody MacDonald hereby submits its *Second Interim and Final Application of Carmody MacDonald P.C., as Local Restructuring Counsel for Debtors and Debtors in Possession, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period July 20, 2020 Through and Including January 6, 2021* (this "**Application**"), pursuant to Sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"),[4] Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

---

[3]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Briggs & Stratton Corporation (2330), Billy Goat Industries, Inc. (4442), Allmand Bros., Inc. (4710), Briggs & Stratton International, Inc. (9957), and Briggs & Stratton Tech, LLC (2102).  The address of the Debtors' corporate headquarters is 12301 West Wirth Street, Wauwatosa, Wisconsin 53222.

[4]    Unless otherwise indicated, all statutory cites are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

"**Bankruptcy Rules**"), Local Bankruptcy Rules 2016-1 and 2016-2, and the Guidelines for Compensation of Professionals appended to the Procedures Manual accompanying the Local Bankruptcy Rules (the "**Guidelines for Compensation**") for the United States Bankruptcy Court for the Eastern District of Missouri (the "**EDMO**"). By this Application, Carmody MacDonald seeks the entry of an order for interim allowance of compensation for professional services performed for the Debtors in the amount of $103,428.00 and for reimbursement of actual and necessary expenses in the amount of $1,834.98 incurred for the time period commencing November 1, 2020 through and including January 6, 2021 (the "**Second Interim Period**"), and for the final allowance of compensation for professional services performed for the Debtors in the total amount of $573,182.00 and reimbursement of actual and necessary expenses in the total amount of $17,953.80 incurred for the time period commencing July 20, 2020 through and including January 6, 2021 (the "**Compensation Period**"). In support of this Application, Carmody MacDonald respectfully represents as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### Background Information

4.      On July 20, 2020 (the "**Petition Date**"), Debtors commenced their bankruptcy reorganization cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On July 21, 2020, this Court entered an order [Doc. No. 117], authorizing and

2

directing the joint administration and procedural consolidation of Debtors' Chapter 11 Cases pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in Debtors' Chapter 11 Cases.

6.      On August 5, 2020, the United States Trustee for the EDMO (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code [Doc. No. 304].

7.      On December 18, 2020, the Court entered *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Second Amended Joint Chapter 11 Plan of Briggs & Stratton Corporation and Its Affiliated Debtors* [Doc. No. 1485] (the "**Confirmation Order**") confirming the *Second Amended Joint Chapter 11 Plan of Briggs & Stratton Corporation and Its Affiliated Debtors* [Doc. No. 1434] (together with the plan supplement, all schedules, and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the ("**Plan**")). The Plan became effective on January 6, 2021 (the "**Effective Date**").

8.      Pursuant to Section 2.2(a) of the Plan, no later than sixty (60) days after the Effective Date, all entities seeking an award of Fee Claims (as defined in the Plan), including Carmody MacDonald, are required to file their final request for allowance of compensation for services rendered and reimbursement of expenses incurred from the Petition Date through and including the Effective Date. [Doc. No. 1434-1 ¶ 2.2.]

**Carmody MacDonald's Retention and Compensation**

9.      Since their retention, Carmody MacDonald, together with co-counsel and Debtors' other professionals, have worked with Debtors and key stakeholders to position reorganized

3

Debtors for success in a challenging industry. The fees earned and expenses incurred by Carmody MacDonald in connection with these activities are the subject of this Application.

10.     Carmody MacDonald is a general practice, full-service law firm with offices located at 120 South Central Avenue, Suite 1800, St. Louis, Missouri. Carmody MacDonald attorneys possess extensive expertise and knowledge in chapter 11 restructuring, as well as bankruptcy litigation, commercial transactions, banking, real estate, and other complementary areas of law. The firm's experience before this Court has allowed Carmody MacDonald to address promptly and efficiently, as local restructuring counsel, the various matters that have come before the Court, the Debtors, their businesses, and these Chapter 11 Cases.

11.     On July 20, 2020, Debtors filed *Debtors' Application for Authority to Employ Carmody MacDonald P.C. as Local Restructuring Counsel for the Debtors* [Doc. No. 31] (the "**Retention Application**").

12.     The Retention Application was approved by this Court by Order dated August 19, 2020 [Doc. No. 512] (the "**Retention Order**"), authorizing the employment of Carmody MacDonald as attorneys for the Debtors retroactively effective as of July 20, 2020.

13.     The Retention Order authorizes Debtors to compensate and reimburse Carmody MacDonald in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable order or procedure of the Court. The Retention Order also authorizes Debtors to compensate Carmody MacDonald according to the terms of the Retention Application at its ordinary and customary hourly rates charged for services of the type rendered in these Chapter 11 Cases and to reimburse Carmody MacDonald for its actual and necessary out-of-pocket expenses incurred, pending further application to the Court. The particular terms of Carmody MacDonald's employment and retention are set forth in the Retention Order which

incorporates the terms of the Retention Application, and in Carmody MacDonald's engagement letter dated June 11, 2020 (the "**Engagement Letter**"), which Engagement Letter is attached to the Retention Application as Attachment 1 to Exhibit A [Doc. No. 31 pp. 25–31].

14.     Local Bankruptcy Rule 2016-2 adopted by this Court authorizes a debtor or debtor in possession in a chapter 11 case to "pay 80% of a professional's fees and 100% of the professional's expenses on a monthly basis in accordance with this Rule" and in compliance with the Court's Guidelines for Compensation attached as an Appendix to its Procedures Manual. L.R. 2016-2(B).

15.     On December 18, 2020, Carmody MacDonald filed its *First Interim Fee Application of Carmody MacDonald P.C., as Local Restructuring Counsel for Debtors and Debtors in Possession, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Time Period from July 20, 2020 through October 31, 2020* [Doc. No. 1494] (the "**First Interim Fee Application**").

16.     The First Interim Fee Application was approved by this Court by Order dated January 22, 2021 [Doc. No. 1587] (the "**First Interim Fee Order**"), authorizing the payment to Carmody MacDonald of compensation for professional services and reimbursement of expenses for the time period from July 20, 2020 through and including October 31, 2020 (the "**First Interim Period**").

17.     Carmody MacDonald files this Application seeking approval and payment of final fees and expenses. During the Compensation Period, Carmody MacDonald prepared statements for its fees and expenses incurred each month (the "**Monthly Fee Statements**") and has served copies of such Monthly Fee Statements upon Debtors as well as those parties identified in the

5

certain Master Service List identified with these Chapter 11 Cases (collectively, the "**Notice Parties**").

18.     Carmody MacDonald has received no objections from Notice Parties to any Monthly Fee Statements.

19.     To date, Carmody MacDonald has received payments from Debtors (the "**Monthly Fee Payments**"), made pursuant to the Monthly Fee Statements but not yet allowed by interim order, for the Second Interim Period of compensation in the amount of $82,742.40 (representing 80% of its total fees) and reimbursement of expenses in the amount of $1,834.98 (representing 100% of its total expenses), for a combined total of $84,577.38. The balance due and payable to Carmody MacDonald for the Second Interim Period is in the total amount of $20,685.60. The Monthly Fee Statements and Monthly Fee Payments for the Second Interim Period are summarized in detail as follows:

| Monthly Fee Statements for Second Interim Period | | Attorney's Fees and Expenses Incurred for Each Month | | Monthly Attorney's Fee and Expense Amounts Requested | | Monthly Fee Payments Paid by Debtors | Balance Due and Payable Thru Fee Application for Second Interim Period |
|---|---|---|---|---|---|---|---|
| Statement Date | Period Covered | Attorney's Fees (100%) | Expenses (100%) | Attorney's Fees (80%) | Expenses (100%) | | |
| 12/07/2020 | 11/01/2020 -11/30/2020 | $44,695.00 | $844.15 | $35,756.00 | $844.15 | $36,600.15 | $8,939.00 |
| 01/11/2021 | 12/01/2020 -12/31/2020 | $56,578.50 | $954.58 | $45,262.80 | $954.58 | $46,217.38 | $11,315.70 |
| 02/11/2021 | 01/01/2021 -01/06/2020 | $2,154.50 | $36.25 | $1,723.60 | $36.25 | $1,759.85 | $430.90 |
| | TOTALS: | $103,428.00 | $1,834.98 | $82,742.40 | $1,834.98 | $84,577.38 | $20,685.60 |

20.     Carmody MacDonald seeks approval of its reasonable fees for services provided to Debtors during the Compensation Period in the total amount of $573,182.00 (including fees incurred during the Second Interim Period in the amount of $103,428.00).

6

21.     Carmody MacDonald seeks approval of its actual and necessary expenses incurred during the Compensation Period in the total amount of $17,953.80 (including expenses incurred during the Second Interim Period in the amount of $1,834.98).

22.     Consistent with the terms of Engagement Letter, the Retention Application, and the Monthly Fee Statements, Carmody MacDonald drew down on and fully exhausted its pre-petition retainer for the payment of fees and costs authorized by this Court before applying post-petition Monthly Fee Payments to any outstanding balance due from Debtors.

23.     Carmody  MacDonald  makes  the  following  statements[5]  consistent  with Section C(5) of the *Appendix B: Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases, Effective November 1, 2013*, promulgated by Department of Justice, Office of the United States Trustee (the "**UST Guidelines**"):

   a.  The fees charged by Carmody MacDonald in these Chapter 11 Cases were billed in accordance with Carmody MacDonald's existing billing rates and procedures in effect during the Compensation Period. Such fees were reasonable based on the customary  compensation  charged  by  comparably  skilled  practitioners  in comparable non-bankruptcy cases in a competitive national market.

   b.  No payments have been shared by Carmody MacDonald with any other party, nor are  any  future  payments  subject  to  a  sharing  agreement  between  Carmody MacDonald and any third party.

   c.  The aggregate fees sought in this Application are less than the fees budgeted for in Compensation Period.

---

[5]   Certain additional statements consistent with the UST Guidelines are set forth in the Certification of Robert E. Eggmann, attached hereto as **Exhibit A** and is incorporated herein by this reference.

7

d. None of the hourly rates of Carmody MacDonald's professionals and paraprofessionals in this Application have been varied based on the geographic location of these cases.

e. The Application does not include time and fees related to reviewing the time records for the preparation of invoices or to ensure the protection of any privileged or other confidential information. Carmody MacDonald's review of time records was done in preparation of its Application to ensure compliance with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

f. As disclosed in the Retention Application, the hourly rates of Carmody MacDonald's attorneys and legal assistants may be adjusted from time to time. This Application reflects any rate increases since Carmody MacDonald's retention.

24.     Carmody MacDonald maintains detailed daily time records in the ordinary course of its business. These time records are prepared contemporaneously with the corresponding services to the Debtors.  The records describe: (i) the person performing the services, (ii) the date of the services, (iii) a detailed description of services, and (iv) the length of time (in increments of tenths of an hour) spent delivering the services.  The summary of the names, positions, hourly rates, hours billed, and compensation requested for each professional and paraprofessional who billed time in connection with Carmody MacDonald's engagement by the Debtors during the Second Interim Period is attached hereto as **Exhibit B**[6] and incorporated herein by this reference.

25.     The services provided by Carmody MacDonald during the Compensation Period have been actual and necessary.  Reasonable compensation for such services based on the time, the nature, the extent, and the value of such services, and the costs of such services during the

---

[6]     A similar summary pertaining to Carmody MacDonald's engagement by Debtors during the First Interim Period is attached to the First Interim Fee Application as Exhibit B and is incorporated herein by this reference.

Second Interim Period is $103,428.00. A summary of the total hours and fees billed for each project category is attached hereto as **Exhibit C**[7] and incorporated herein by this reference. Detailed time records for the Second Interim Period are attached hereto as **Exhibit E**[8] and incorporated herein by this reference.[9]

26.     Carmody MacDonald has incurred reasonable and necessary expenses in the total amount of $1,834.98 during the Second Interim Period. The firm seeks approval for reimbursement of those expenses, as detailed on attached **Exhibit D.**[10]

27.     Prior to the service of each Monthly Fee Statement, Carmody MacDonald conducted a detailed line-item review of all fees and expenses incurred during that month.

28.      The legal services rendered by Carmody MacDonald in the total amount of $103,428.00 for the Second Interim Period are summarized below.  The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in the time records attached hereto as **Exhibit E**. Rather, in compliance with the Section 8(C)(c) of the UST Guidelines, the following summary identifies the project categories, or areas in which services were rendered by Carmody MacDonald to and for the benefit of the Debtors, and the issues/categories to which Carmody MacDonald devoted time and efforts during the Second Interim Period.

---

[7]   A similar summary pertaining to Carmody MacDonald's total hours and fees billed by category during the First Interim Period is attached to the First Interim Fee Application as Exhibit C and is incorporated herein by this reference.

[8]   Detailed time records for the First Interim Period are attached to the First Interim Fee Application as Exhibit E and is incorporated herein by this reference.

[9]   Consistent with past practice and requirements in this District, certain of the descriptions of services may be redacted in order to protect privileged or otherwise sensitive information. Any unredacted descriptions are maintained by Carmody MacDonald for such future review should the Court request.

[10]   A similar summary pertaining to Carmody MacDonald's expenses incurred during the First Interim Period is attached to the First Interim Fee Application as Exhibit D and is incorporated herein by this reference.

29.    The summary is divided according to project billing codes.  Those codes reflect the categories of tasks that the firm has been required to perform in connection with these Chapter 11 Cases.  Nevertheless, under the circumstances, and given the interconnectedness of all the issues in these Chapter 11 Cases, certain of these categories may overlap with each other. The project categories and corresponding fees and hours billed to Debtors for this Second Interim Period are summarized as follows:

**A.    Chapter 11 Bankruptcy- General
Code:  20310.0**

(Fees:  $7,360.00 / Hours Billed: 16.60)

This category relates to general tasks performed on behalf of the Debtors. Carmody MacDonald participated in the compilation of pleadings and binders and conducted other internal case-related procedures.

**B.    Asset Analysis and Recovery
Code:  20310.1**

(Fees:  $0.00 / Hours Billed: 0.00)

This category relates to analysis of asset value, as well as the probability and profitability related to the recovery of such assets.

**C.    Asset Disposition
Code:  20310.2**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates to the sale and disposition of assets and the resolution of any objections to such disposition. Carmody MacDonald participated in: (a) the drafting and review of sale-related pleadings and proposed orders, (b) communications with counsel for Debtors, Weil, Gotshal & Manges LLP ("**Lead Counsel**"), various creditors, bidders, purchasers, other professionals employed by Debtors, and the UST regarding the same, and (c) hearings related to sale motions.

**D.    Business Operations
Code: 20310. 3**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates to issues regarding Debtors' corporate structure, restructuring transactions or proposals, and other matters related to corporate management and governing documents.

E.    **Case Administration**
      **Code:  20310.4**

(Fees: $51,587.00 / Hours Billed: 182.30)

This category relates to numerous administrative issues related to the Chapter 11 Cases. Carmody MacDonald participated in: (a) the drafting and filing of numerous pleadings and notices, (b) the drafting and submission of numerous proposed orders to the Court, (c) coordinating with the Claims and Noticing Agent and the Clerk of the Court concerning service issues, (d) communicating with the Clerk of the Court regarding hearing dates, delivery of documents and support materials, (e) the review of pleadings for Lead Counsel and responses to various professionals on matters of local procedure and practice, (f) arranging with Court and various professionals for telephonic and/or virtual hearings, (g) requesting of hearing transcripts, (h) compiling of hearing binders and support materials, as well as agendas for court hearings, (i) the preparation and review of numerous *pro hac vice* motions, (j) numerous telephone conversations with Lead Counsel regarding administrative issues, (k) responding to numerous inquiries from creditors and various other parties regarding case administrative issues, (l) court appearances related to general matters, including First Day Motions and proposed orders, (m) communications with UST related to general matters, including First Day Motions and proposed orders, (n) conducting research and providing analysis as to general issues including matters of local bankruptcy practice, (o) internal communications regarding billing procedures, case status, and strategy, (p) conducting conflict checks and communicating with Lead Counsel regarding same, and (r)  regular status meetings between Lead Counsel and Carmody MacDonald as to work in progress.

F.    **Claims Administration and Objections**
      **Code:  20310.5**

(Fees: $1,335.50 / Hours Billed: 3.20)

This category relates to the administration of numerous claims and objections thereto. Carmody MacDonald participated in the drafting and revision of pleadings related to claims administration, cure claims, administrative expense claims, lease rejection claims, tax claims, potential litigation claims, as well as communications with Lead Counsel, creditors, and other professionals regarding claim objections and resolutions of the same and with Lead Counsel regarding the administrative claims bar date.

G.    **Employee Benefits/Pensions**

11

**Code:  20310.6**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates issues regarding the wages, salaries, retiree benefits, employment agreements and workers' compensation benefits of employees and former employees of Debtors. Carmody MacDonald participated in numerous communications with Lead Counsel and claimants regarding benefit issues.

**H.    Fee/Employment Applications**
**Code:  20310.7**

(Fees: $10,381.00 / Hours Billed: 31.10)

This category relates to the preparation of monthly fee statements and fee applications for services rendered to Debtors. Carmody MacDonald prepared and filed its own fee statements and applications, as well as reviewed various declarations, fee statements, and fee applications for other professionals employed by Debtors. In addition, Carmody MacDonald responded to inquiries from various ordinary course professionals as to fee issues.

**I.    Fee/Employment Objections**
**Code:  20310.8**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates to objections raised as to fee applications and employment applications. Carmody MacDonald analyzed professional fees, compensation, and expenses in accordance with local bankruptcy rules and practice, as well as proposed professional rate increases.

**J.    Financing**
**Code:  20310.9**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates to the analysis of issues regarding debtor-in-possession and exit financing, and the preparation, review and filing of pleadings related to the same.

**K.    Litigation**
**Code:  20310.10**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates to bankruptcy litigation matters and potential causes of action, including adversary proceedings. Carmody MacDonald prepared for and participated in meetings, negotiations, conference calls, and court hearings concerning litigation, settlement agreements, lift stay motions and orders, and related litigation matters.

**L.    Meetings of Creditors**
**Code:  20310.11**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates to the Debtors' initial debtor interview and meeting of creditors. Carmody MacDonald participated in the preparation of Debtors' representatives and professionals for such appearances and attended the same.

**M.    Plan and Disclosure Statement**
**Code:  20310.12**

(Fees: $31,192.00 / Hours Billed: 83.40)

This category relates to numerous issues related to confirmation of Debtors' Plan. Carmody MacDonald participated in the following Plan related activities, including, but not limited to: (a) research and analysis of confirmation issues, (b) review and comment on disclosure statement, Plan drafts, and related pleadings, (c) resolution of issues related to Plan objections, Plan solicitation and balloting, (d) communications with UST, Lead Counsel, and Debtors' professionals on disclosure statement and Plan confirmation timeline and disputes, and (e) participation in hearings to approve disclosure statement and confirm Plan.

**N.    Relief from Stay Proceedings**
**Code:  20310.13**

(Fees: $1,572.50 / Hours Billed: 4.50)

This category relates to multiple lift stay motions filed in the Chapter 11 Cases. Carmody MacDonald participated in the following activities: (a) prepared, reviewed, revised, and filed various motions and submitted proposed orders regarding the same, (b) communicated with movants, defense parties, and Lead Counsel regarding lift stay litigation orders, (c) participated in hearings related to lift stay motions.

**O.    Filed Pleadings**
**Code:  20310.14**

(Fees: $0.00 / Hours Billed: 0.00)

This category relates to the filing of pleadings and submission of proposed orders on behalf of Debtors.

30.    The professional services performed by Carmody MacDonald were appropriate and necessary and were in the best interests of the Debtors. The compensation requested is commensurate with the importance, complexity, and nature of the services provided. The services were performed in an appropriately expeditious and efficient manner.

31.    As set forth in **Exhibit B**, the professional services performed by Carmody MacDonald during the Second Interim Period required an aggregate expenditure of 319.10 recorded hours by Carmody MacDonald's principals, associates, of counsel, and paraprofessionals during the Second Interim Period. Of the aggregate time expended, 190.60 recorded hours were expended by principals, 62.90 recorded hours were expended by associates and of counsel attorneys, and 65.60 recorded hours were expended by paraprofessionals of Carmody MacDonald.

32.    During the Second Interim Period, Carmody MacDonald's hourly billing rates for attorneys ranged from $215.00 to $450.00 per hour, and hourly billing rates for paraprofessionals ranged from $175.00 to $215.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of $328.50 per hour for attorneys, a blended hourly billing rate of $191.67 per hour for paraprofessionals, and a blended hourly billing rate of $296.92 per hour for all timekeepers. These fees and rates are reasonable based on the customary compensation charged by comparably skilled practitioners in bankruptcy cases in this District.

33.    As set forth in **Exhibit D** hereto, Carmody MacDonald disbursed $1,834.98 for expenses during the Second Interim Period. The actual expenses incurred were necessary, reasonable, and justified under the circumstances.

14

**Basis for Relief Requested**

34.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to

govern the Court's award of such compensation.  *See* 11 U.S.C. § 331.  Section 330 provides that

a court may award a professional employed under 11 U.S.C § 327 "reasonable compensation for

actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." *See* 11

U.S.C. § 330(a)(1).  Section 330 also sets forth the specific criteria for the award of such

compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . to a
> professional person, the court should consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
> (B)     the rates charged for such services;
> (C)     whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance, and
> nature of the problem, issue, or task addressed;
> (E)     with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience in
> the bankruptcy field; and
> (F)     whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases
> other than cases under this title.

11 U.S.C. § 330(a)(3)(A)–(F).

35.     In addition to the factors set forth in Section 330(a)(3) of the Bankruptcy Code, in

evaluating the reasonableness of attorneys' fees, Local Bankruptcy Rule 2016–1(B)(1) (by

reference to the Guidelines for Compensation located in the Procedures Manual that accompanies

the Local Bankruptcy Rules) requires that all professional fee applications analyze the twelve (12)

factors for allowance of compensation set forth in *Johnson v. Georgia Highway Express*, 388 F.2d

714 (5th Cir. 1974) (the "**Johnson Factors**"); *see also P.A. Novelly v. Palans*, 960 F.2d 728 (8th

Cir. 1992); and *Chamberlain v. Kula*, 213 B.R. 729, 736–739 (B.A.P. 8th Cir. 1997).

      36.     Carmody MacDonald submits that its Application satisfies all of the Johnson

Factors, as described below:

     a.  *The time and labor required*.  Carmody MacDonald's representation of the Debtors as debtors-in-possession has required extensive time and effort given the complexity of these Chapter 11 Cases.

     b.  *The novelty and difficulty of the questions*. These Chapter 11 Cases involve many novel and/or difficult issues of law and the Debtors' proceedings under Chapter 11 are multifaceted and involve a large number of creditors and parties-in-interest.

     c.  *The skill required to perform legal services properly*.  Carmody MacDonald believes that its lawyers possess the knowledge and have demonstrated the skill levels necessary for the vigorous representation, as local restructuring counsel, of the Debtors' interests in this case.

     d.  *The preclusion of employment due to acceptance of the case*.  Acceptance of these Chapter 11 Cases has not precluded Carmody MacDonald from other employment, but the professionals involved in this case have devoted significant portions of their time to the Debtors' affairs and, to that extent, have been unable to address other matters.

     e.  *The customary fee*. The rates charged by Carmody MacDonald in this case are commensurate with the rates it charges for similar clients in similar matters.

     f.  *Whether the fee is fixed or contingent*. The fees requested are determined on an hourly basis.  No portion of the fees are contingent fees.

     g.  *Time limitations imposed by the client or the circumstances*.  These Chapter 11 Cases have presented time pressures and limitations inherent in any large and complex chapter 11 Case.

     h.  *The amount involved and the results obtained*.  The fees requested are appropriate for the nature of the services provided, the size and complexity of these Chapter 11 Cases, and the scope of advice and professionals services required of Carmody MacDonald to assist the Debtors. As evidenced by the detailed time records, Carmody MacDonald has assisted Debtors in obtaining numerous favorable results

16

and has been diligent in its representation.

    i.    *The experience, reputation and ability of the attorneys*.  Carmody MacDonald is a well-known St. Louis business and commercial law firm, with experience before this Court. In particular, the lead professionals representing the Debtors in this engagement, including Robert Eggmann, Christopher Lawhorn, and Thomas Riske, have significant combined years' experience before this Court and in this field on behalf of debtors in complex chapter 11 cases and litigation matters.

    j.    *The "undesirability" of the case*.  Carmody MacDonald does not consider this to be an undesirable case and is privileged to have the opportunity to represent the Debtors as their local counsel.

    k.    *The nature and length of the professional relationship with the client*. The Debtors engaged Carmody MacDonald as local counsel on or about June 11, 2020. Since such time, Carmody MacDonald has assisted in the preparation for the filing of these Chapter 11 Cases, working closely with Debtors' Lead Counsel, and other professionals, and as a result has become well-acquainted with the Debtors' history, business operations, and other related matters.

    l.    *Awards in similar cases*. Carmody MacDonald's fees in this case are similar to fees in matters of this size and complexity.

37.    The services for which compensation is sought in this Application were necessary for, beneficial to, and in the best interests of, the Debtors. The services rendered by Carmody MacDonald were performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Carmody MacDonald's fees are reasonable given the size and complexity of the Debtors' Chapter 11 Cases.

38.    There is no agreement of any nature as to the sharing of any compensation to be paid to Carmody MacDonald, other than sharing among the partners of Carmody MacDonald. Compensation previously paid to Carmody MacDonald has not been shared with any person, other than the partners of Carmody MacDonald.

WHEREFORE, Carmody MacDonald respectfully requests that this Court enter an order:

17

a.  Granting this Application;

b.  Awarding Carmody MacDonald, on an interim basis, compensation for professional and paraprofessional services rendered during the Second Interim Period in the amount of $103,428.00 and reimbursement of actual, reasonable, and necessary expenses incurred by Carmody MacDonald during the Second Interim Period in the amount of $1,834.98;

c.  Awarding Carmody MacDonald, on a final basis, compensation for professional and paraprofessional services rendered during the Compensation Period in the amount of $573,182.00 (which includes compensation of $103,428.00 for the Second Interim Period) and reimbursement of actual, reasonable, and necessary expenses incurred by Carmody MacDonald during the Compensation Period in the amount of $17,953.80 (which includes expenses of $1,834.98 for the Second Interim Period);

d.  Authorizing and directing Debtors to remit or cause to be remitted payment to Carmody MacDonald of the sum of $20,685.60, representing all unpaid amounts for the Second Interim Period that have not previously been paid;

e.  Authorizing and directing Debtors to remit or cause to be remitted payment to Carmody MacDonald for any and all other fees and expenses of Carmody MacDonald incurred during the Compensation Period that have not been previously paid; and

f.  For such other and further relief as this Court deems just and proper.

Dated: March 5, 2021
     St. Louis, Missouri

Respectfully submitted,

CARMODY MACDONALD P.C.

  /s/ Robert E. Eggmann
Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
Telephone:  (314) 854-8600
Facsimile:   (314) 854-8660
Email: ree@carmodymacdonald.com
      cjl@carmodymacdonald.com
      thr@carmodymacdonald.com

*Local Counsel to the Plan Administrator*