UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-43597-399 |
| BRIGGS & STRATTON CORPORATION, | ) ) | |
| | ) | Chapter 11 |
| Debtors. | ) ) | |
| _____ | ) | |
| | ) | Hearing Date: August 5, 2021 |
| BRENDA KELLEY, | ) | |
| | ) | Hearing Time: 2:00 p.m. |
| Movant, | ) ) | |
| | ) | Hearing Location: Eagleton Federal Courthouse |
| | ) | Courtroom 5 North |
| v. | ) | |
| | ) | Response Due: August 5, 2021 |
| BRIGGS & STRATTON CORPORATION, | ) ) | |
| | ) | |
| Respondent. | ) | |

**NOTICE OF HEARING AND MOTION FOR MODIFICATION OF INJUNCTION**

**WARNING: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY AUGUST 5, 2021. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

1. **IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS. THE HEARING TO BE HELD ON THE DATE AND TIME ABOVE BEFORE THE HONORABLE BARRY S. SCHERMER, IN THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF MISSOURI, SOUTHEASTERN DIVISION, THOMAS F. EAGELTON U.S. COURTHOUSE, COURTROOM 5 NORTH, 111 S 10TH STREET, ST. LOUIS MISOURI 63102.**

COMES NOW Movant Brenda Kelley ("**Kelley**"), by and through her undersigned counsel, and

pursuant to 11 U.S.C. § 524, moves the Court for an order modifying the injunction contained in Briggs &

Stratton Corporation's ("**Debtor**," formerly known as Briggs & Stratton Power Products Group, LLC) Plan of reorganization ("**Plan**"). In support thereof, Kelley states as follows:

## Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 524.

## Background

2. On May 22, 2020, a mower ejected Kelley onto her concrete driveway, causing her to land on her left side (the "**Injury**"), due to the mower's inoperable brakes.

3. The inoperable brakes were, in whole or in part, manufactured, designed and placed into the stream of commerce by Briggs & Stratton Power Products Group, LLC, which is now Briggs & Stratton Corporation.

4. As a result of the inoperable mower brakes, Kelley sustained severe personal injuries, medical expenses, and other damages.

5. Soon thereafter, Kelley hired an attorney to prepare a Petition for Damages against Debtor, soon to be filed in Illinois state court (the "**State Case**").

6. Among other relief sought in the State Case, Kelley seeks judgment against Debtor and the costs of Kelley's cause of action.

7. On or about July 20, 2020, Debtor filed its Chapter 11 Petition herein. Debtor did not list Kelley as a creditor therein.

8. Upon filing and pursuant to 11 USC Section 362, an automatic stay of creditor actions against Debtor was imposed.

9. Kelly sought to have the stay lifted on September 2, 2020, but was only granted partial relief.

10. On December 18, 2020, this Court approved the Debtor's Second Amended Plan, which contains the following injunction:

*"10.4. Injunction.*

*(a) Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan.*

*(b) Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not 49 and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, or the Wind-Down Estates, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment,*

*award, decree, or order against the Debtors or the Wind-Down Estates; or the property of any of the Debtors or the Wind-Down Estates; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Wind-Down Estates or the property of any of the Debtors or the Wind-Down Estates; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Wind-Down Estates, or against property or interests in property of any of the Debtors or the Wind-Down Estates, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.*

*(c) By accepting distributions pursuant to the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.3.4 of the Plan.*

*(d) The injunctions in this Section 10.4 of the Plan shall extend to any successors of the Debtors (including the Wind-Down Estates) and their respective property and interests in property."*

## Relief Requested

11. On information and belief, at the time of the Injury, Debtor was insured by one or more insurance policies of liability insurance, which provide available insurance coverage against liability for the claims in the expected Petition for Damages, such that allowing the civil action litigation to proceed will cause no harm to the Debtor or the bankruptcy estate.

12. On information and belief, no other named defendant in the State Case is a debtor in bankruptcy.

13. Kelley seeks relief from the injunction in order to pursue her cause of action against Debtor in the State Case for the purpose of recovering any insurance coverage available under any policy insuring Debtor and in order to liquidate her claim.

14. Granting relief from the injunction to allow the State Case to proceed will completely resolve all issues between Debtor and Kelley, as the claims alleged in the State Case will be the only issue that exists between Debtor and Kelley, which, because of available insurance, will end upon the conclusion of the State Case.

15. Kelley is not seeking any property of the Debtor nor should the relief sought keep the Debtor from effectuating their Plan.

16. Granting relief from the injunction will not interfere with the bankruptcy estate because Kelley is seeking to liquidate her claims in the State Case in order to recover under applicable insurance policies and possibly against other non-Debtor defendants.

17. Granting relief from the injunction will not prejudice other creditors, as Kelley is seeking relief solely for the purpose of recovering under applicable insurance policies and other non-Debtor defendants.

18. Denying relief from the injunction will impose substantial hardships on Kelley in that Kelley would be forced to delay further pursuit of her claims in the State Case for what could be approximately two and a half more years, presenting issues with preservation of evidence, loss of witnesses, and a substantial delay in recovery for Kelley and causing her severe prejudice.

19. For the foregoing reasons, cause exists pursuant to 11 U.S.C. § 524 to grant Kelley relief from the injunction in order to allow Kelley to proceed for the purpose of recovering any insurance coverage available under any other policy insuring Debtor, as well as against other non-Debtor defendants in order to pursue Kelley's cause of action.

WHEREFORE, Movant Brenda Kelley respectfully prays that this Court enter its Order terminating and/or modifying the injunction to allow Kelley to proceed in the State Court Case against any insurance coverage of the Debtor, as well as against other non-Debtor defendants, and any insurance company for such non-Debtor defendants, and that this Court grant such other and further relief as this Court deems proper under the law and circumstances.

Respectfully Submitted,

WALTRIP & SCHMIDT, LLC

By:     */s/ Michael A. Becker*
       Michael A. Becker, #36999MO
       Frank J. Schmidt, #49967MO
       Amanda M. Basch, #59984MO
       8151 Clayton Road, Suite 200
       Clayton, MO 63117
       Ph: (314) 721-9200
       Fax: (314) 880-7755
       Email:
            mab@mabeckerlaw.com
            fschmidt@fschmidtlaw.com
            abasch@fschmidtlaw.com

*Attorneys for Movant Brenda Kelley*

## CERTIFICATE OF SERVICE

       I certify that a true and correct copy of the foregoing document was filed electronically on June 25, 2021, with the United States Bankruptcy Court and has been served on all counsel of record and the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

       I certify that a true and correct copy of the foregoing document was filed with the United States Mail Service, first class, postage fully pre-paid, address to the party listed below on June 25, 2021.

**Briggs & Stratton Corporation**
PO Box 702
Milwaukee, WI 53201
*dba* **Briggs & Stratton Power Products Group, LLC**
*dba* **Briggs & Stratton Power Products, LLC**
*dba* **Briggs & Stratton Power Products Group**

                                                   */s/ Michael A. Becker*