UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **BRIGGS & STRATTON** ) | Case No.:  **20-43597-399** |
| **CORPORATION, et al.,** ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | **Response to the Objection of Claims 989** |
| ) | **& 990[1] filed by Claimant Anita Hupp** |
| ) | |

**RESPONSE TO PLAN AMINISTATOR'S TWENTY-SIXTH OMNIBUS OBJECTION
TO CLAIMS ON GROUNDS OF NO LIABILITY (WORKERS' COMPENSATION)**

COME NOW, Anita Hupp ("Claimant"), by the through the undersigned counsel, and, for her Response, states to the Court as follows:

1. Hupp filed proof of claims number 989 and 990[2] with attached Missouri Division of Workers compensation claim forms and summaries of the claims (the "Claims").

2. The Plan Administrator, in the Plan Administrator's Twenty-Sixth Omnibus Objection to Claims on Grounds of No Liability (Workers Compensation) (the "Objection"), objected to the Claims on the bases that: (i) Debtors posted bonds that should cover liability, if any;

---

[1] The Objection also references proof of claim #988. Claimant does not believe she filed a proof of claim bearing that number but in the event she did, then she also seek denial of the Objection to that claim on the same bases as set forth herein.

[2] The Objection also references proof of claim #988. Claimant does not believe she filed a proof of claim bearing that number but in the event she did, then she also seek denial of the Objection to that claim on the same bases as set forth herein.

    on the Claims; and (ii) a guaranty fund of the State of Missouri is allegedly liable for any amount of allowed Claims not covered by the bond posted.

3. Unless the bonding company and the applicable Missouri agency or guaranty fund charged with satisfying workers compensation claims against entities that have sought relief under the Bankruptcy Code are joined as parties in this contested matter, Claimant is at risk of having her Claims disallowed and being unable to access the bond allegedly posted and/or guaranty fund, notwithstanding the Plan Administrator's statement about these potential sources of recovery.

4. For the foregoing reasons, Plan Administrator's Objection is appropriately denied as to Claimant at this time, without prejudice to address the issues set forth herein, including after recovery against the bond and/or guaranty fund.

WHEREFORE, Claimant Anita Hupp prays that this Court enter an Order denying the Objection to her Claims; and granting her such additional relief as is just.

    Respectfully submitted,

    ***BECK & SANT, LLC.***

    /s/    *J. Talbot Sant, Jr.*
    J. Talbot Sant, Jr., #35324MO
    2678 Babble Creek Lane
    O'Fallon, Missouri 63368
    (636) 240-3632 Telephone
    (636) 240-6803 Facsimile
    tal@beckandsantlaw.com

    *Attorneys for Anita Hupp*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on this **24th day of November, 2021,** with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System, as listed on the Court's Electronic Mail Notice List.

On this **24th day of November, 2021**, the undersigned hereby certifies that a copy of the above and foregoing has been served by U.S. Mail, postage prepaid, to:

Robert E. Eggmann
Christopher J. Lawhorn
Thomas H. Riske
Carmody Macdonald, P.C.
Local Counsel to the Plan Administrator
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105

Julie Dyas Goldberg
Carrie E. Essenfeld
Halperin Battaglia Benzija, LLP
Counsel to the Plan Administrator
40 Wall Street, 37th Floor
New York, New York 10005


/s/    J. Talbot Sant, Jr.