UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § | Chapter 11 |
| | | Case No. 20-43597-399 |
| BRIGGS & STRATTON CORPORATION, *et al.*, | | (Jointly Administered) |
| Debtors. | | Related Docket No. 2002 |

**CONSENT ORDER SUSTAINING IN PART THE PLAN ADMINISTRATOR'S THIRTY-FIRST OMNIBUS OBJECTION AS TO CLAIM NOS. 294, 295, AND 722 ON GROUNDS THAT SUCH CLAIMS HAVE BEEN PARTIALLY SATISFIED**

Upon the objection (the "**Objection**")[1] of the Plan Administrator in the above-captioned chapter 11 cases for entry of an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007(C) deeming the claims listed herein as satisfied in part, as described herein; and this Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, **it is hereby ORDERED that the Objection is SUSTAINED IN PART in that:**

1. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each No Liability Claim listed below is allowed in full in accordance with the terms of the Stipulations previously entered by this Court, each of which is referenced below, and deemed satisfied in part as set out below:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

a) **Claim No. 294 of A.B. Boyd Co.** was allowed as an administrative claim in the amount of $65,835.00 and a general unsecured claim in the amount of $31,079.00, *Stipulation and Agreed Order Resolving Application of A.B. Body Co. for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)*, Docket No. 1437. As of the date hereof, the administrative portion of Claim No. 294 has been satisfied. The allowed general unsecured portion of Claim No. 294 shall receive payment pursuant to the confirmed Plan in these proceedings;

b) **Claim No. 295 of Aavid-Allcast, LLC** was allowed as an administrative claim in the amount of $51,372.00 and a general unsecured claim in the amount of $58,488.35, *Stipulation and Agreed Order Resolving Application of Aavid Allcast, LLC for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)*, Docket No. 1436. As of the date hereof, the administrative portion of Claim No. 295 has been satisfied. The allowed general unsecured portion of Claim No. 295 shall receive payment pursuant to the confirmed Plan in these proceedings; and

c) **Claim No. 722 of UFP Technologies** was allowed as an administrative claim in the amount of $22,920.21 and a general unsecured claim in the amount of $46,022.53, *Stipulation and Agreed Order Resolving (A) Motion of UFP Technologies, Inc. for (I) Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9); (II) Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1); and (III) Determination that Any Agreements Between UFPT and the Debtors that Constitute Executory Contracts are Rejected as of September 10, 2020; and (B) Objection and Reservation of Rights of UFP Technologies, Inc. to Proposed Cure Amount and to the Notice of Cure Costs and Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale*, Docket No. 1418. As of the date hereof, the administrative portion of Claim No. 722 has been satisfied. The allowed general unsecured portion of Claim No. 722 shall receive payment pursuant to the confirmed Plan in these proceedings

2. The terms and conditions of this Order are effective immediately upon entry.

3. The Plan Administrator is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order, including but not limited to updating the claims register for distribution purposes.

2

      4.    Not later than two (2) business days after the date of this Order, the Plan Administrator shall serve a copy of the Order and shall file a certificate of service no later than twenty-four (24) hours after service.

DATED: January 4, 2022  
St. Louis, Missouri  
cke

*Barry S. Schermer* (signature)  
Barry S. Schermer  
United States Bankruptcy Judge

**So Consented:**

By:    */s/ Robert A. Breidenbach*             By:    */s/ Robert E. Eggmann*
Date:   January 3, 2022                             Date:   January 3, 2022

**GOLDSTEIN & PRESSMAN, P.C.**            **CARMODY MACDONALD P.C.**

Robert A. Breidenbach (MBE 41557)      Robert E. Eggmann, #37374MO
7777 Bonhomme Ave., Ste. 1910           Christopher J. Lawhorn, #45713MO
St, Louis, Missouri 63105                    Thomas H. Riske, #61838MO
(314) 727-1717 Telephone                 120 S. Central Avenue, Suite 1800
(317) 727-1447 Facsimile                  St. Louis, Missouri  63105
rab@goldsteinpressman.com             Telephone:  (314) 854-8600
                                                   Facsimile: (314) 854-8660
*Attorney for A.B. Boyd Co., Aavid-Allcast,*    Email: ree@carmodymacdonald.com
*LLC and UFP Technologies*                           cjl@carmodymacdonald.com
                                                   thr@carmodymacdonald.com

*Local Counsel to the Plan Administrator*

-and-

**HALPERIN BATTAGLIA BENZIJA LLP**

Julie Dyas Goldberg
Carrie Essenfeld
40 Wall Street, 37th Floor
New York, New York 10005
Telephone:  (212) 765-9100
Email: jgoldberg@halperinlaw.net
          cessenfeld@halperinlaw.net

*Counsel to the Plan Administrator*